Parsons, C. J.
It is not suggested that the judge admitted any witness who was objected to as incompetent, or that he misdirected the jury in a matter of law, or that the verdict was against the weight of the evidence.
Richardson, whose receipt the defendant is charged with forging, *201 was sworn as a witness, and as he could neither gain or lose by the event of the trial, as it then appeared, he was properly admitted. The motion is therefore rested on two grounds. — That the defendant * has since obtained evidence that Rich- [ * 262 ] ardson was incompetent; or, if he was competent, that the defendant now has evidence further to discredit him.
As to the first ground, one witness has testified that he attempted to mollify Richardson, and induce him not to pursue the defendant, by alleging that the prosecution could not be of any benefit to him ; that R. replied he expected it would be a matter of 1,000 dollars advantage to him by means of B. Prince. Another witness has testified that he told R. that he pressed Waite very hard. R. replied that the witness did not know but it would be 1,000 dollars to him, asking him what a man would get for his character after he had been convicted of forgery. Another witness has sworn that R. said that Prince would not grudge 1,000 dollars to have the defendant convicted. It also appeared that the defendant had prosecuted Prince for defamation in a suit then pending. Prince was called and swore that he never agreed with Richardson or promised him any thing, if he would convict the defendant. If this evidence proves R. to have any interest in the trial, he must have expected it from Prince; and it is clear that he had no cause of any such expectation.
The confession of a witness as to his incompetency cannot be admitted to disqualify him. If the law were not so, any unwilling witness for the commonwealth might deprive the commonwealth of his testimony by declarations of his interest in the presence of the friends of the defendant, who, by testifying to those declarations, might always prevent his being sworn. The objection founded on a subsequent discovery of the incompetency of Richardson is therefore not supported.
As to any further evidence against Richardson’s credibility, it cannot in this case avail the defendant. At the trial, he must have expected that R. would be called by the Solicitor-General, and he does not pretend that he was then surprised by the testimony of this witness. He * expected it, and he attempt- [ * 263 ] ed by the testimony of witnesses to destroy his credit, by proving that his general character, as to truth, was bad. This evidence was encountered by the testimony of witnesses sworn in behalf of the government; and the trial was by a jury of the county, who probably knew the general character of the witnesses.
General character must, from its nature, be generally known, and Richardson’s must be known in the town where he lived. His home is at Portland, where the trial was had, and any number of wit *202 nesses might have attended on short notice. To give time to the defendant to scrutinize a neighborhood, and discover some who may testify to a witness’s general lad character, which, if the testimony be true, must be generally known, would be preposterous and dangerous.
Mellen and Emery, for the defendant.
The testimony of the confessions of the witness might not be generally known ; but they go only to his credibility. And when Richardson’s explanation is considered, who swears that the witnesses are mistaken as to the form of his expressions, but that a Mr. Motley having told him that the prosecution would be worth 1,000 dollars to Prince, he had mentioned it to several persons, perhaps this further evidence might not have much weight. Very clearly it cannot by itself be a cause for a new trial.
We have had the receipt alleged to -be forged brought into Court for our inspection. It certainly appears to have been altered, but whether before or after the signature, cannot be determined from inspection. As nothing can be concluded from it to support Richardson’s testimony, so nothing can be concluded to discredit it. It may, therefore, be laid out of the case.
In the trial of offences, but a small part of the trial is intrusted to the judges. The offender’s peers are to pass on him ; and to set aside a verdict merely at our discretion, and not on [ * 264 ] grounds which the law considers as * sufficient, would be an arbitrary interference in judicial proceedings, and a violation of the important rights of jurors.
It is always a cause of regret that a man will commit an offence which subjects him to punishment; and the regret is greatly increased when the offender has some rank in society, with respectable connections who may suffer with him. But to all considerations of this kind, the law is inflexible; and, as its ministers, we must discharge our duty. If there are any equitable or humane causes for relief, they belong not to us, but to the executive. Sentence must be passed on the verdict.*

 The sentence being respited, the defendant received a pardon from the governor and council, which, being produced at the next term of the Court, was allowed, and the defendant discharged, ut audivi.