## MORAN *against* DAWES.

Though a bill of exceptions be a stay of proceedings, yet, like a certificate of probable cause, it does not prevent a rule *nisi* for judgment.

A notice of taxing costs is not such a proceeding as the court will set aside.

THIS cause was tried at the last circuit in the city of New York, and a verdict found for the plaintiff. Certain exceptions were taken by the defendant at the trial; and the Circuit Judge signed and sealed a bill of exceptions, at the defendant's request; notwithstanding which, the plaintiff had proceeded, on the 2d day of the present term, to enter a rule for judgment *nisi,* &c. and had given notice of taxing costs.

*A. Spencer, (J. V. Henry,* same side,) now moved to set aside the rule, and all subsequent proceedings, for irregularity. He said the bill of exceptions, *per se,* stayed all proceedings. This had been holden, upon the construction of the statute.

*W. Sampson,* contra, said the statute did not operate as an absolute stay of proceedings. The Court would regulate its effect by rule, and they had done so, in one respect, by their general rule of last October term, touching frivolous bills of exception, (which he read, from 3 Cowen's Rep. 439.)

*Henry,* said *Hasbrouck* v. *Tappen,* (15 John. Rep. 182,) is in point for the motion.

*Sampson.* The party had a right to his rule *nisi,* as upon a certificate to stay proceedings on a case made. (*Hack-*

*ley* v. *Hastie et al.* 3 John. Rep. 253.) The taxation of costs is a step out of Court, for the mere purpose of liquidating the amount. It may be a mere speculation on the part of the plaintiff. For aught that appears, he may never proceed for the costs at all; but content himself with the damages. There was no need of the defendant's coming here.

*Spencer.* The taxation of costs and signing the roll are usually simultaneous acts; and we had a right to suppose they would be so in this instance.

[WOODWORTH, J. I think there is no doubt that the plaintiff might take his rule *nisi*, as upon a certificate of probable cause. True, the Court decided in *Hasbrouck* v. *Tappen*, that a bill of exceptions, *per se*, stayed the proceedings; but they did not consider its effect as to the rule for judgment.]

*Henry.* Suppose we are successful in our motion for a new trial, the Court must then reverse their rule.

WOODWORTH, J. This rule is merely contingent in its terms, and is not at all inconsistent with the defendant's rights upon the bill.

SAVAGE, Ch. J. The same objection of reversing the rule would hold upon a case made, and certificate of provable cause; yet it has never been allowed.

SUTHERLAND, J. A motion is pending in this cause, and has been argued, to treat this bill of exceptions as a frivolous one, within the rule referred to. Suppose that motion succeeds : it appears to me important that the party should have a right to his rule *nisi*, so that he can immediately take the effect of the decision. So in all cases. If this be not so, he must wait four days after we have passed upon his case. The notice to tax the costs is not a proceeding which we can set aside.

Motion denied with costs.