be vacated and set aside; and that a new election for direc-   UTICA,
tors of the said company be held pursuant to the charter   August, 1827.
and by-laws of the said company; and that the same be   Jackson
held within thirty days."                                             v.
                                                                          Varick.

---

JACKSON, *ex dem.* EDEN, *against* VARICK and BACON.

IN ejectment for premises in the city of New York.   Omitting to
    A verdict having passed for the plaintiff, the defendants notice    costs
made a case upon which to move for a new trial. A bill does not affect
of exceptions was also sealed by the judge who tried the of the judg-
cause. This court denied a new trial upon the case; but ment.   The   only
ordered that the defendants should have the benefit of their consequence
bill of exceptions, for the purpose of bringing error. The party can be
order was on the 5th of June. The plaintiff immediately compelled   to
perfected his judgment, issued a writ of possession, and own expense.
caused it to be executed on the 7th of June, without hav- A bill of ex-
ing given any notice of taxing the costs.                       proceedings no
    The defendants afterwards brought a writ of error; upon while   it   is
which the cause is now depending in the court of errors. pending   and
                                                                          undetermined
                                                                          in the supreme
*J. Platt*, now moved to set aside the writ of possession,   court.
                                                                               [*413]
with all the subsequent proceedings, and that a writ of res-
titution issue; on the ground that the proceedings on the
part of the plaintiff were irregular. He relied on the
grounds, that no notice of taxing the costs had been given;
and that the bill of exceptions was a stay of proceedings,
*per se.*

*G. C. Bronson*, contra.

*Curia.* The omission to give notice of taxing costs,
never affects the regularity of the judgment. This has
been ruled many times; and the practice is settled beyond
all dispute. The only consequence of omitting notice, is a
re-taxation at the expense of the party.

UTICA,
August, 1827.

True, a bill of exceptions stays proceedings, *per se*, while it is pending for argument in this court; but not a moment longer. The party who prevails, may, on our passing upon it, take the effect of our decision as soon as he pleases, subject to be arrested by writ of error and bail within the 4 days. A writ of error has, in this case, been prosecuted; but no bail is in to this day.[1]

Motion denied.

[1] In the state of New York, in the practice under the code, the effect of omitting to give notice of adjusting the costs, in the cases where the defendant is entitled thereto, has been differently decided. In *the Bank of Massilon*, 2 Code Rep. 49; *Goldsmith* v. *Marpe*, ib. 49; *Doke* v. *Peek*, 1 Code Rep. 54 , *Elson* v. *N. Y. Equit. Ins. Co.*, 2 Code Rep. 36, it was held that the omission made the judgment irregular, and liable to be set aside on motion. But in *Richards* v. *Swetzer*, 1 Code Rep. 117; *Hughes* v. *Mulvey*, 1 Sandf. Sup. Ct. Rep. 92; *Dix* v. *Palmer*, 3 Code Rep. 214; 5 Pr. Rep. 233, the omission was held not to affect the regularity of the judgment, but only to entitle the defendant to a re-adjustment at the cost of the plaintiff. See Voorhie's Code. pp. 257, 258.