By the Court,
Grimice, Judge.
This is a question which we might suppose would have arisen very frequently; and yet very little is to-be obtained from the English authorities. There are several American cases, however, in which the point has been directly made,, although the determinations are by no means uniform. In Calston v„ Nichols, 1 Har. & J. the declaration of a witness, that he was interested in the event of the suit, was admitted in evidence on an objection to his competency, and a similar decision was made in an anonymous oase in 2 Hayw. 340, while in Fernsler v. Carlin, 3 S. & R. 130, it was held, that such declarations were not sufficient to exclude the witness. In commonwealth v. Waite, 5 Mass. 261, the same law was-declared. It was said that the confession of a witness as to his incompetency, can not be admitted to disqualify him. *In that case, however, the objection was not made at the trial, but discovery having been made of those confessions after the trial, a motion was made to set aside the verdict for that reason. A new trial is never granted fof the purpose of affording an Opportunity to impeach a witness. No notice, to be sure, is taken of this circumstance, and the-decision is placed exclusively on the ground, that such declarations are inadmissible for the purpose of excluding a witness. In the still, later case of Cotchell v. Dixon, 4 M’Cord 311, it was held, that the declarations of a witness, that he is interested in the event of a suit, are not per se sufficient to deprive the party by whom he is called, of the benefit of his examination. It was well said, that although there might be danger of allowing a witness to give evidence, when he is suspected of having an interest in the event of a suit, yet that sufficient security would be found in permitting the circumstances to be used on the score of his credibility. “ The declarations of a party,” it is said, “ when they operate against his interest, are admitted on the-presumption that he is best acquainted with his own rights, and judging from the known influenee which interest exercises over the mind, it is a fair inference that he would not make such a declaration unless it was true.” But there is no reason why the rule should be extended to the declarations of a stranger. "We think the court erred in excluding the witness.
Nonsuit set aside, and new trial awarded.