## COMMONWEALTH *vs.* LEBBEUS J. PECK.

On the trial of an indictment for forgery, the party, whose signature is alleged to be forged, is a competent witness to prove the forgery and also the destruction of the instrument alleged to be forged, although civil actions are pending against him to which his only defence may be the forgery of said instrument.

Under the Rev. Sts. *c.* 138, §§ 11 – 14, this court has authority, in criminal cases brought here from the court of common pleas and municipal court upon exceptions, to grant a new trial, for other sufficient cause shown, after overruling the exceptions ; or to remand the cause to the court of common pleas, &c., for the purpose, among others, of their hearing a motion for a new trial.

On the trial of the defendant, in the court of common pleas, before *Cummins,* J. upon an indictment for forging a note purporting to be signed by James Phelps, the said Phelps was admitted as a witness to prove the forgery, and also to prove the loss or destruction of the note. It appeared from the testimony of said Phelps, that he paid the said note to the defendant, supposing it to be genuine ; he having given the defendant a similar note. It was admitted at the trial, that two actions had been commenced by the defendant, and were then pending, against said Phelps ; one on the note which he acknowledged to be genuine, and also an action of slander for his charging the defendant with forging the other note.

. The defendant was convicted, and the case came before this court on exceptions alleged by him to the admission of said witness. A petition for a new trial was also presented by the defendant, as is mentioned in the opinion of the court.

*C. Allen* and *Washburn,* for the defendant.

*Austin,* (Attorney General,) for the Commonwealth.

SHAW, C. J. The only question brought before the court by the bill of exceptions is, whether on an indictment for forgery, the person whose signature is alleged to be forged can be a witness to prove the forgery, and also the existence and loss of the note. This point was deliberately decided in the affirmative, more than thirty years ago, in the case of *Commonwealth* v. *Snell,* 3 Mass. 82. The same rule was again recognized and affirmed in the case of *Commonwealth* v. *Waite,* 5 Mass. 261 ;

and it has ever since been considered a settled rule of law, and constantly practised upon.

But it is supposed that a distinction may be found 'in the consideration, that in the present case an action by the defendant against the prosecutor had been commenced, and was pending, when this indictment was found. This, it seems to us, can make no difference. The ground on which the prosecutor is admissible as a competent witness is, that though he may be interested in the question, he is not interested in the event of the suit, because the verdict and judgment in this suit could not be given in evidence in the suit against the prosecutor, and he will not gain or lose by its event. And this is equally true, whether the civil action were commenced by the defendant against the prosecutor before the indictment, or whether such action remained to be commenced afterwards. In either case the interest would be the same. The exceptions, therefore, are overruled.

After the argument on the exceptions, the defendant presented a petition to the court, in case the exceptions should be overruled, to grant him a new trial : *First*, on the ground of newly discovered evidence not known to him at the time of the trial, and having a material bearing upon the issue : *Secondly*, on account of some alleged unfair dealing with one or more of the jurors, during the trial, with a view to exert an influence on the mind of such juror, unfavorable to the defendant. It was objected, that no motion for a new trial could be received, whilst the exceptions were pending. *Cunningham* v. *Bell*, 5 Mason, 173. *Moran* v. *Dawes*, 4 Cow. 22.

Where a bill of exceptions is taken, and thus points of law, decided in the course of the trial, and not otherwise appearing, are made part of the record, with a view to a writ of error in another court, this is a very proper rule. There is no reason for sustaining a motion for a new trial on the merits, when the same party may have, or claim to have, a higher remedy, on grounds of law to be decided on the whole record, including the bill of exceptions, in a higher court. But where, as in our practice, the exceptions are taken in a summary way, to be submitted either to the same or to another court, to be decided up-

on before judgment is entered, and especially where the exceptions and the motion for a new trial are to be considered and decided by the same court, there seems to be no good reason why both should not be heard together, or the one or the other considered first, according to the circumstances of the case. If the exception is of such a nature, that if decided one way, it must put an end to the case, on grounds of law, without regard to the merits, there would be a convenience in hearing the exceptions first; because it would render further discussion unnecessary or useless. But where the exception is taken to the admission or rejection of evidence, not going to the foundation of the action or defence, or where the exception is to the direction of the court, in matter of law; for example, in relation to the application of particular testimony, or to any matter not going to the foundation of the action or defence; it may be more proper to hear the motion for a new trial first; because, if a new trial is had, the same points may not be likely to arise, and a consideration of the exceptions, in detail, may be unnecessary and useless. The same considerations, we think, may apply where there is a motion for a new trial, and a motion in arrest of judgment, pending at the same time, before the same court.

We think therefore, it was no decisive objection to a motion or petition for a new trial in this court, if in other respects it could be properly entertained, that it was made whilst the case was pending on the exceptions.

We are then brought to the question, whether this court can grant a new trial, after the exceptions are disposed of, on the ground of newly discovered evidence, misconduct of the jurors, or for any other cause, not appearing in the exceptions, and for which new trials can by law be granted in cases tried in this court. It was argued by the Attorney General, that the authority and jurisdiction of this court are limited to a consideration of the questions arising on the exceptions, and if they are overruled, the cause is to be considered as remaining in the court of common pleas; and that if any motion for a new trial is to be made, it must be made there; and he relied upon the cases

above cited, and also the cases of *Roosevelt* v. *Fulton*, 7 Cow. 107, and *Jackson* v. *Varick*, 7 Cow. 412. But the court are of opinion that this is not a correct view of the course indicated by our statute. The cases cited from New York are civil actions, depending upon statutes and practice different from our own, and cannot therefore much aid us in the construction of our statute.

The case under consideration depends upon a true exposition of the Rev. Sts. *c.* 138, § 11 *&c. seq.* After directing the mode in which exceptions shall be taken and allowed, it provides that thereupon all further proceedings in the case, in the court below, shall be stayed — with a single exception, to prevent an abuse of the privilege, in case it shall appear that the exceptions are frivolous, immaterial, or intended only for delay. The general rule therefore is, that all further proceedings in the case, in that court, shall be stayed. It further provides, § 12, that if, in the opinion of the presiding judge, any question of law shall arise, so important or so doubtful as to require the decision of the supreme judicial court, he shall, if the defendant desire it or consent thereto, report, &c. and thereupon all further proceedings, in that court, shall be stayed. It further provides that the party taking the exceptions shall recognize, with sufficient sureties, to appear at the supreme judicial court, and prosecute his exceptions with effect, and abide the sentence thereon, or shall stand committed, under a special order, for the like purpose. In this part of the Rev. Sts. there is a little apparent uncertainty and ambiguity, arising, not from the language, but from the manner in which the text is divided into sections and paragraphs. All these provisions seem taken from *St.* 1832, *c.* 130, § 5 ; and the commissioners, in their note appended to chapter 138, say that they intended to make no alteration in the law on this subject, except so far as the Rev. Sts. exempt appellants, and persons taking exceptions, from the duty imposed by the former statute of advancing fees for copies. In § 14 of the Rev. Sts. *c.* 138, the words "*in that case*," beginning a sentence in the third line, are intended to apply to the case of bringing up the cause by exceptions, in either of the modes mentioned in the preced-

ing sections, and not simply to the case of a party standing committed. This results from a consideration of the language taken together, and from a comparison of this sentence with the statute of 1832, from which it was taken. The only difference between them is, that in the Rev. Sts. the same legal provisions are expressed in fewer words, and the whole of the language is condensed and abridged, conformably to the practice which is manifest through the whole work. Thus explained, the section provides, that in a case thus brought up by exceptions, the court shall have cognizance thereof, and shall decide the cause &c., and shall render such judgment and award such sentence, and make such order thereon, as law and justice shall require. And it further provides that a new trial may be ordered at the bar of this court, or the cause may be remanded to the court of common pleas, for a new trial there, as the justices of this court may direct.

These general and comprehensive terms are substituted for a much more detailed enumeration of powers, as expressed in *St.* 1832, *c.* 130, § 5, among which are these — " and said supreme judicial court may discharge such person, or proceed to sentence him, or may remand such case to the court of common pleas, for new trial, judgment, sentence, or such other proceedings therein as law and justice shall require. And if they shall so remand &c., they may require the party to recognize, or they may commit him to prison ; and the said supreme judicial court shall certify to said court of common pleas their proceedings, determination and orders, and said court of common pleas shall proceed to try, pass sentence, or do whatever the said supreme judicial court shall have determined and ordered in such case." This last statute is not now in force ; but still it is useful as a more detailed statement of the powers given to the respective courts by the comprehensive language of the revised statutes.

From this view of the statutes, it appears to us very manifest, that when the exceptions have been allowed by the court of common pleas, and not deemed frivolous, and when the party has recognized or been committed to appear at the supreme ju-

dicial court, and abide any and all orders, &c., the court of common pleas ceases to have cognizance of the cause, and full cognizance thereof is transferred to the supreme judicial court for all purposes. It follows as a necessary consequence, that upon such allowance of exceptions, and recognizance or commitment, no motion for a new trial can be received by the court of common pleas ; and if the party have a right to make a motion anywhere for a new trial, it must be in this court. Such we understand was the view of it, taken by the court of common pleas, on a motion made in this case, after the exceptions were allowed, and before the case came on for argument in this court.

But the revised statutes are explicit in the provision, that both this court and the court of common pleas may, at the term at which an indictment is tried, or within one year after, on petition or motion in writing, grant a new trial. It becomes, therefore, necessary to inquire what is the situation of a cause thus transferred to this court, and the power of the court over it, when it is entered in this court. Because it may be said, and certainly there is weight in the suggestion, that the clause in question is, in its natural construction, to be taken distributively, as if it had provided in terms, that each of the courts may grant new trials, in causes tried in said courts respectively. The stage, at which the cause is transferred by exceptions, is after a verdict against the defendant, and exceptions allowed in consequence of some decision in matter of law. In that stage, the cognizance of the *cause*, not of the exceptions merely, ceases in the court of common pleas ; and, upon entry, is vested in the supreme judicial court. They assume it at that stage, and thenceforth every step, proper to the completion and final determination of the cause, is to be taken by this court. They may pass sentence, or they may remand for sentence. In order to pass sentence, they must examine the whole record ; the indictment, to see if there be any crime charged ; the pleadings, issue, and verdict, to ascertain what is found, and thereupon to determine whether there be a legal conviction, and for what offence, and what sentence is by law to be awarded. It is of course, therefore, open to a

motion in arrest of judgment; that is, it is open for the defendant to show that the facts set forth in due and legal form, and found, do not constitute an offence punishable by law.

We are also of opinion, that it is open to a motion for a new trial. It is manifest from the provision cited, that it was the intention of the legislature, that the defendant should have the right of submitting a motion for a new trial, upon a proper cause shown; and it is quite clear that he can no longer move for a new trial, in the court of common pleas, though within the year, for the reasons before mentioned. The difference between a motion for a new trial, and a motion in arrest of judgment, is rather one of form than of substance. In both, the defendant, on being called on to show cause why he should not be sentenced, does undertake to show some good reason why sentence should not be awarded. In the one case, it depends upon matter apparent upon the record; in the other, the cause is equally sufficient, and equally sustained upon legal grounds; but these must be shown by evidence *aliunde ;* but still upon judicial evidence, the competency of which is regulated by equally well settled rules. Such a distinction would make a valuable right depend upon the kind of legal and competent evidence, by which it must be established. It may sometimes occur, that from the discovery of new evidence, it would be perfectly in the power of the defendant to establish his innocence by plenary evidence, if he could avail himself of an opportunity to bring it before a jury. Between the trial and the sentence, it might be discovered that the conviction was the result of conspiracy and perjury, which can be fully demonstrated on another trial.

We are aware of the difficulty and inconvenience of sustaining a motion for a new trial, in this court, for causes arising in the trial before the court of the common pleas, because, in the course of practice, we can have no report showing the evidence and proceedings in that court. Sometimes, perhaps, the difficulty arising from this cause may be insurmountable. But we think this does not affect the authority and jurisdiction of the court over the subject matter. Other cases may occur, where the grounds are of such a nature, that without a report

Commonwealth v. Peck.

from the judge, the party moving for a new trial may be able to establish the merits of his case ; as where the ground depends upon matter extraneous, like that of the misconduct of parties in tampering with jurors.   In other cases, the newly discovered evidence may be of so decisive a nature, as to warrant a new trial, whatever may have been the evidence upon the first trial.

But the court are also of opinion, that where the time has not elapsed for making a motion for a new trial, in the court of common pleas, it is competent for this court to remand the cause to that court for the purpose, amongst others, of hearing a motion for a new trial.   For, though the jurisdiction of that court is wholly superseded, by a transfer of the cause to this, by exceptions; yet when the cause is remanded, that court is reinstated in its jurisdiction, by force of the statute.   A new recognizance is taken of the defendant, in this court, to appear in that, to abide its order and decision ; or the party, if he fail to recognize, may be specially committed to jail to abide such order.   From its entry in the court of common pleas, it is a new proceeding in that court, of which it will take cognizance, as if rightfully brought into that court by any other mode of legal proceeding.

It is under the same view of the jurisdiction of the two courts, that this court has in some instances, after a decision upon the exceptions, remanded the cause to the common pleas, for sentence.

It may be proper to remark, that the statute, which we have been considering, applies to the municipal court in the county of Suffolk, in the same manner as to the court of common pleas, in other counties ; and of course the same considerations apply in case of exceptions from that court.

In the present case, as we find, on inquiry, that a year has not yet elapsed since the trial in the common pleas, and that upon this cause being remanded, it will still be open to a motion for a new trial, the order of this court is, that it be so remanded to the court of common pleas, for the purpose of hearing a motion for a new trial, and such other proceedings as the law of the case may require.