## John W. Waughop, Appellant, *v.* Benjamin Weeks *et al.*, Appellees.

### APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

A subsequent agreement under seal, written upon and referring to a former agreement not under seal, which imposes a penalty in case the original contract should not be performed, does not convert such original contract into a deed.

Objections to the reading of papers to a jury, should be made in the Circuit Court.

Declarations of a witness before he is called, do not disqualify him. The interest of a witness in the event of the suit, should be established on his *voir dire*, or by other testimony.

This action was an action of assumpsit, brought in Cook County Court of Common Pleas, at the November term, A. D. 1858, and was tried before the court and a jury, J. M. Wilson, Judge, presiding.

The plaintiffs below declared in indebitatus assumpsit, on common count, for work and labor, and materials furnished.

The defendant below pleaded the general issue, with notice that work and labor and materials furnished to defendant by plaintiffs, were furnished under special contracts, in writing, between said plaintiffs and defendant, and that plaintiffs had not fulfilled their part of said contract; also notice and account of set-off (and sets out the contracts).

The plaintiffs introduced a witness who testified, among other things, that the work and labor and materials furnished, were furnished under a special contract.

The contracts were a special contract, and a supplemental contract under seal, and executed by the plaintiffs below in the name of B. & C. D. Weeks.

The plaintiffs below introduced in evidence the said contracts,

the parts of which, material to the questions involved in the assignments of error in this case, are as follows, to wit:

" DUTIES OF CONTRACTOR. He shall be strictly held to make such work and to use such materials as hereinafter subscribed, and to work up the building to the given design, and in all cases where the drawings are figured, the figures must be taken by him as the given dimensions, without reference to what the drawing may measure on its scale. He will be further held to submit, as to the character of the materials used and the work done, to the judgment of the superintendents, and to procure from them all necessary interpretations of the design, and all necessary certificates regarding his payments."

" SUPERINTENDENTS AND THEIR DUTIES. Wm. W. Boyington or his assistant architects are declared to be the superintendents of the work for the owners; their duties will consist in giving, on demand, such interpretations, either. in language, writing or drawing, as in their judgment the nature of the work may require, having particular care that any and all work done and material used for the work be such as hereinafter described, and in giving on demand any certificates that the contractor may be entitled to, and in settling all deductions of or additions to the contract price which may grow out of alterations of the design, after the same is declared to be contract, also determining the amount of damages which may occur from any cause, and to particularly decide upon the fitness of all materials used and work done."

" The contractor being bound in all cases, to remove all improper work or materials upon being directed so to do by the superintendent."

"And it is hereby expressly provided that in case the contractor should feel aggrieved by the decision of the superintendents, an appeal may be taken from such decision to an arbitration chosen indifferently, and whose decision in the matter shall be final and binding on all parties."

" The owner reserves the right to alter or modify the design, and to add to or diminish from the contract price the difference, to be adjusted as provided above."

" The owner being bound in all cases to recognize the acts of the superintendents, not only as regards extra work, but also to the sufficiency of the design."

" All payments made upon the work during its progress, are on account of the contract, and shall in no case be construed as an acceptance of the work executed; but the contractor shall be liable to all the conditions of the contract, until the work is accepted and finished and completed."

" TIME. Owner to give possession of the ground on or before the first day of April, A. D. 1856 ; contractor must agree to build the walls and chimneys ready for roof on or before the first day of September, 1856, and fully complete the plastering of the building within forty-five days after the same is declared by the superintendent ready for lathing, and must complete the whole job of masonry within                    days after the above mentioned time. Said work in no case shall be considered as finished, unless the same is so reported to the superintendent, and accepted by him."

" DAMAGES. And in order to secure the execution of the work in the manner and at the time specified, it is hereby distinctly declared that the damages arising from the non-fulfillment of the contract, as regards time, shall be a fair rent of the premises, for each and every day the work remains unfinished, and which sum of damages shall be deducted from the contract price."

" PAYMENTS. The said J. W. Waughop, or his executors, administrators or assigns, for and in consideration of the said B. & C. D. Weeks furnishing materials, and fully and faithfully executing the aforesaid work, so as fully to carry out the design for the same, as set forth by the specifications, and according to the true spirit, meaning and intent thereof, and to the full and complete satisfaction of W. W. Boyington, or his assistant superintendent, as aforesaid, and at the time mentioned in the foregoing specifications, doth hereby agree to pay to the said B. & C. D. Weeks the sum of ninety-eight hundred dollars ($9,800) in the following manner :

" As the work advances, the superintendent is to make out estimates of the work and materials furnished, and inwrought into the building, and upon a presentation of a certificate of eighty-five per cent. on said estimate, the said J. W. Waughop is to pay the amount, and the balance, fifteen per cent., will be paid in full on the completion of the contract ; Provided the said superintendent shall certify in writing,[1] that they are entitled thereto."

This agreement not under seal.

### " SUPPLEMENTAL AGREEMENT.

" It is hereby agreed by and between the parties to the annexed contract, that the terms and conditions thereof be so varied that the said J. W. Waughop shall hold back and retain fifty per cent. of the whole contract price therein mentioned, instead of fifteen per cent., as provided therein, to secure the completion of the work, to be done according to specification, and to cover all damages for any failure in time, quality or workmanship, until the whole work is done, and completed, and in case the work shall be so delayed as to endanger the building, by being left open to the frosts of winter, the said B. & C. D. Weeks shall forfeit the full penalty

Waughop *v.* Weeks et al.

of fifty per cent. on the whole work, and in no other manner is this to be construed to alter in any respect the original contract, except as written above.

" Witness our hands and seals, this twenty-second day of September, A. D. 1856.

B. & C. D. WEEKS. [SEAL]

J. W. WAUGHOP." [SEAL]

The plaintiffs then offered and read in evidence the following certificate by W. W. Boyington, the architect and superintendent, dated October 25th, 1858, the signature to the same being admitted to be genuine.

" CHICAGO, October 25, 1858.

" To B. & C. D. WEEKS—*Gentlemen:*

" I hereby certify that you finished your contract with J. W. Waughop, Esq., for erecting and building two dwellings for said Waughop, located on the corner of Wabash Avenue and Washington street in the city of Chicago; but the said dwellings were not finished until six months after the time mentioned in said contract for finishing the same. Said contract provides that you shall pay a fair rent of the premises for all such delays, the amount of which is to be deducted from the contract price, after determining and deducting a fair rent of said dwellings for the six months delay, according to contract, and deducting what the said Waughop has paid you on said contract, and also deducting twenty-five dollars for not setting wash-boilers in basement (omitted), you will then be entitled to the balance, if any, due according to contract.

" Respectfully yours,        WM. W. BOYINGTON,

*Superintendent.' '*

The plaintiffs then offered and read in evidence two certificates to J. W. Waughop, dated November 18, 1857, and Nov. 28, 1857, made by said Boyington, the architect and superintendent, the signatures to the same being admitted to be genuine, which said certificates are in the words following, to wit:

" CHICAGO, Nov. 18, 1857.

" MR. J. W. WAUGHOP—*Dear Sir:*

" Having looked over the contract between yourself and Messrs. B. & C. D. Weeks for building two dwellings on corner Washington street and Wabash Avenue, I hereby certify that Messrs. B. & C. D. Weeks have delayed the finishing of said dwellings at least six months beyond the time stipulated in said contract, and that you are entitled to a fair rent of the premises for the time of delay, as provided in the contract.

" My judgment is, that a fair rent of the corner house would be $1,500 per annum, and, at the rate of $1,000 per annum for the interior house, six months rent for both dwellings would be $1,250.

" You are further entitled to a deduction of $25.00 for not setting wash-boilers in basement, making $1,275.

" From the above deduction, Messrs. Boggs & Smith claim of you the sum of three hundred and fifty dollars for delays to them, as provided in their contract with you.

" Yours most respectfully,        WM. W. BOYINGTON,

*Superintendent.*"

"November 28, 1857.

"J. W. Waughop, Esq.—*Dear Sir:*

"In making up my estimate for delays, as stated above, I based my calculations upon what the dwellings would probably rent for at the present time. Had I made my calculation for the rates of rent for such class of dwellings at the time the contracts provided for finishing them, I should have rated the corner house at $1,800 per annum, and the interior house at $1,500, making $400 more that you would be entitled to for delay than by the first calculation.

"The reason I did not consider these rates in the first place, was, that I have been accustomed to calculate at the date of making my report; but upon reflection, I think you are entitled to the rates of rent you would get provided the buildings had been finished in time.

"In haste, yours,        WM. W. BOYINGTON."

The plaintiffs, by their counsel, then offered to introduce as a witness on their part, Mr. H. B. Weeks, to whose examination the counsel for the defendant did then and there object, and offered to prove the interest of said witness in the result of this suit by *W. W. Boyington,* who being sworn, testified as follows:

I know Mr. Hiland B. Weeks. The old gentleman (meaning said H. B. Weeks) remarked when I asked him (Mr. Weeks) why he changed the mode of executing contracts, that it was in consequence of some unsettled matters of his own in New York, but that the work would be done as satisfactorily; that he should superintend the work, as though executed in his own name. Sometimes the young men took the certificates, sometimes himself; whenever I wanted anything done, I usually consulted with the old gentleman. He did not particularize what his difficulties were, but gave me to understand that they would come down on him for anything left unsettled in his hands.

Mr. Hiland B. Weeks being then called by the plaintiffs' counsel as a witness on their part, the defendant did then and there object to his examination and testimony as incompetent to go to the jury, whereupon the matter was referred to the court, who was of the opinion that the said evidence was not incompetent to go to the jury, and the jury could decide as to his credibility.

*Hiland B. Weeks* was then duly sworn, and testified.

The defendant, by his counsel, moved the court to exclude from the consideration of the jury, the certificates in evidence by W. W. Boyington, the architect and superintendent, on the ground that said certificates did not constitute a final certificate, as required by the contract. The court refused to exclude said certificates from the consideration of the jury, to which refusal, the defendant, by his counsel, excepted.

The jury found a verdict for the plaintiffs for $1,100.

The plaintiffs abated $84, interest, allowed by the jury.

The said defendant thereupon filed his motion for a new trial, which the court overruled, and the defendant excepted.

The court rendered judgment for plaintiffs, upon said verdict, and defendant prayed an appeal, which was allowed.

Plaintiff in error assigns for error the following:

1st. The court erred in giving the judgment aforesaid for the said plaintiffs below, against the said defendant below, whereas by law, the said judgment ought to have been given for the said defendant below, against the said plaintiffs below.

2nd. The court erred in holding the letters, or certificates, signed by Wm. W. Boyington, dated respectively, to constitute such a final certificate as the contract aforesaid required.

3rd. In admitting improper evidence to go to the jury on the part of the plaintiffs below.

4th. In excluding from the jury, evidence offered by the defendant below.

5th. In overruling the motion for a new trial, and the motion to exclude from the jury, the evidence of the plaintiffs below.

Arnold, Lay & Gregory, for Appellant.

King, Scott & Wilson, for Appellees.

Walker, J. The first question presented by this record, is whether the execution of the subsequent agreement under seal, converted the original, unsealed instrument, into a deed, and rendered it inadmissible in evidence. This subsequent memorandum although indorsed upon the paper containing the agreement of the parties, for the construction of the houses, and notwithstanding it referred to the former agreement, and the erection of the buildings, formed no part of the first agreement. It made no change in the terms, conditions or specifications contained in that agreement. It only imposed, or fixed a penalty, in case the original contract was not performed by appellees, and the building should be injured by the winter. But even if this were not so, there was no objection interposed to its being read as evidence to the jury, and the objection cannot be urged here, for the first time.

It is also urged that H. B. Weeks was shown by the evidence to have had an interest in the event of the suit, and was for that reason incompetent as a witness. Boyington, a witness, who was called to establish his interest, testified that H. B. Weeks had said to him, that the reason why he had changed the mode of executing contracts was on account of some unsettled matters in New York, and that the work would be as satisfactorily performed, as he would superintend it, as though

executed in his own name. That sometimes the young men received the certificates, and sometimes H. B. Weeks, and that whenever he wanted anything done, he usually consulted with the old gentleman. This evidence leaves it in doubt whether the witness, H. B. Weeks, was acting for himself in the name of his sons, or as their agent. But it is not inconsistent with an agency, and the interest of a witness to disqualify him from testifying, should be established by a preponderance of evidence, and that evidence should be legitimate. It has been held, and it is believed to be the rule, that the declarations of the proposed witness cannot be received to disqualify him from testifying. They are held to be no more than hear-say evidence, and therefore inadmissible to prove a disqualifying interest. *Jones et al.* v. *Gully,* 4 Litt. R. 25 ; *Price* v. *Chase,* 8 Mass. 487 ; *Commonwealth* v. *Wait,* 5 Mass. 261. The party may resort to the *voir dire,* or he may establish the disqualifying interest by other testimony, but it must be legal. If the declarations made by a witness out of court and not under the sanction of an oath were to be admitted to disqualify him, it would afford an easy and ready mode for an unwilling witness to avoid examination. He would only have to state out of court, in the presence of the friends of the party against whom he is called to testify, that he has an interest in the event of the suit, and they testify to his statements, and he would escape examination.

It was also objected that appellees were, under the contract, precluded from showing the amount and value of extra work. And that the superintendent should have determined these questions. Even if the proper construction of the contract authorized Boyington to determine the amount and value of the extra work, he did not make the estimate. The contract only authorized him to make additions to or deductions from the contract price, growing out of a change of plan and the damages thereby sustained. The architects testified that there might be extra work and extra material, without any change of the plan or design of the work. And if it required evidence to prove that fact, it was thus proved. And this evidence stands uncontradicted, and if it be true that this extra work was not occasioned by a change of plan or design, then the superintendent had no right to determine by his certificate its amount and value, and this must have been so regarded by the superintendent, for he does not attempt to fix it, when he estimated the damages sustained by appellant growing out of delay in the completion of the buildings. The appellees only proved the amount and value of the extra labor and materials furnished under the direction of the superintendent, and in this there was no error.

From the verdict in the case, it appears that the jury allowed appellant for all the payments he had made on the contract, and rent for the buildings for the period he was delayed in getting them, after the expiration of the time, when they should have been completed, by the terms of the contract. And we are not able to perceive that the jury allowed appellees anything more than the balance of the contract price, and for the extra labor and materials furnished, at the prices proved, and interest for delay in payment, which was remitted. After remitting the interest the evidence warranted the finding of the jury.

The judgment of the court below is affirmed.

*Judgment affirmed.*