### PRATT *against* HULL.

A court of
common pleas
may compel a
plaintiff to be
nonsuited
against his con-
sent, when, in
their opinion,
the evidence of-
fered by him is
not sufficient to
support his ac-
tion, there be-
ing no question
of fact to be de-
cided.

IN ERROR, to the court of common pleas of the county of *Steuben.*

*Hull,* the defendant in error, who was plaintiff in the court below, brought an action of *assumpsit* against *Pratt,* which was tried in *January* last. After the plaintiff below had gone through his evidence, and rested his cause, the counsel for the defendant below moved for a nonsuit, on the ground that the evidence given on the part of the plaintiff was not sufficient to maintain the action. The court below, being of that opinion, directed the plaintiff to be called and nonsuited; but his counsel refused to submit to a nonsuit, insisting, that the court could not compel the plaintiff to be nonsuited, but that he might, if he thought proper, have his cause submitted to a jury. The court thereupon permitted the cause to go to the jury, who gave a verdict for the plaintiff for 178 dollars and 45 cents. The defendant having tendered a bill of exceptions to the opinion of the court below, the case on the bill of exceptions was submitted to this court without argument; and it was agreed, that if the court should be

of opinion that the plaintiff could be nonsuited against his consent, and that he ought to have submitted to the direction of the court below, then the judgment should be reversed, otherwise to be affirmed.

*Per Curiam.* The question presented by the writ of error, in this case, is, whether a court of common pleas has a right to direct a plaintiff to be nonsuited, when, in their judgment, the testimony offered by him is not sufficient to maintain the action, or whether it is the right of a plaintiff to have his cause submitted to the jury. The answer to this abstract question cannot admit of a doubt. This must be a power vested in the court. It results, necessarily, from their being made the judges of the law of the case when no facts are in dispute. What the evidence before the court was, or whether they were correct in their judgment, or not, are questions not now before us. We must assume that there was no dispute about the facts before the court, or any weighing of testimony falling within the province of the jury; and, therefore, it was a pure question of law, whether, under a given state of facts, the plaintiff was, in law, entitled to recover. And, unless this was a question for the court, there is no meaning in what has been considered a salutary rule in our courts of justice, that, to questions of law, the judges are to respond, and to questions of fact, the jury. If, in this court, a judge at the circuit should improperly nonsuit a plaintiff, that nonsuit would be set aside, and a new trial granted. And, in the common pleas, a bill of exceptions would lie to the opinion of the court, as such opinion would be upon a mere matter of law, arising upon facts not disputed. In the case of *Clements* v. *Benjamin*, (12 *Johns. Rep.* 298.,) it was decided by this court, that a justice of the peace had a right to nonsuit a plaintiff, when, in his opinion, the testimony offered did not support the action. If this be a power vested in these inferior magistrates, it surely ought not to be denied to the courts of common pleas. The judgment of the court below must, accordingly, be reversed.

Judgment reversed.