Mr. Chief Justice Shahkey
delivered the opinion of the court.
This was an action of indebitatus assumpsit for money had and received. When the plaintiffs had closed their testimony, the counsel for the defendant, declining a cross examination, or to offer evidence, requested the court to charge the jury to find as in case of non-suit; that the plaintiffs’ evidence did not conduce to prove any cause of action, and they ought to find for defendant; and that if they found any fact for the plaintiffs which their evidence conduced to prove, still there was no cause of action, and they ought to find for the defendant.
The court charged the jury accordingly, and the plaintiffs took exceptions, and it is now insisted that the court had no power to give such a charge to the jury, because it was charging on the weight of evidence.
It is surely not competent in any case for the court to charge the jury on the weight of evidence; this must, be left to the jury to determine. But at the same time it must be the prerogative of the court to determine whether the evidence conduces to prove the issue, otherwise a party might introduce whatever matter he pleased, and the court could not object: its power would be wholly paralyzed in regard to. the introduction of evidence. A court may reject evidence if it is not pertinent, and in doing this it must necessarily judge of its tendency. This, however, is not deciding on the weight of evidence. The weight of evidence is the influence or effect which it has in establishing a fact; or in enabling the jury to draw a conclusion. The relevancy of evidence, or its conduciveness or tendency to prove the issue, is matter of' law; but this being established, its weight, or the question how far it conduces to prove the fact in dispute, is a question of fact for the jury. Gould’s Pleading, 480.
*500 By the English practice, it seems to be a well-settled rale that if the plaintiff entirely fails to make out his case, and there is no disputed point proper for the consideration of a jury, the court will direct the jury to find for the defendant. Chitty’s Practice, 913, McBeath v. Haldimand; 1 Durnford & East, 173; 1 Starkie’s Ev. 471; 6 Barn. & Cress. 325.
The same practice prevails in most of the states in the Union, although it may not perhaps be exercised to the same extent. It has also been recognized in the Supreme Court of the United States. Thus in the case of the Bank of the United States v. Triplett, 1 Peters, 25, the court said, “ If, in any case in which testimony is offered by the plaintiff, the court ought to instruct that he had no right to recover, such instruction ought not to be given, if by any possible construction of the evidence it would support the action.” Again, in the case of the Bank of the United States v. Carneal, 3 Peters, 543, the court below had charged as in case of a non-suit; and it was said that the charge could only be maintained on the supposition that there was no contrariety of evidence as to the facts that ought to be left to the jury. The deduction is irresistible from this language,' that such a charge would be proper when the case would justify it. The authority cited from 6 Peters, only decides that a peremptory non-suit, against the will of the plaintiff, cannot be ordered, and that the court cannot charge the jury as to the weight of evidence. This is admitted.
The evident tendency of all these cases is against the exercise of such a power as that claimed in the present instance, unless in cases where there can be no room for doubt; and this is the extent to which they go. To this we yield our unqualified assent. It is a delicate power, and one which should be exercised with the greatest possible caution. If there be any room for doubt, such a charge ought not to be given.
According to the New-York practice, it is not at all uncommon to non-suit the plaintiff, if he fails to make out his case. Indeed, it is said to be the duty of the court to do so, when they would, from the evidence, set aside the verdict. Stuart v. Simpson, 1 Wendell, 376. 13 J. Rep. 334, Pratt v. Hull.
This is also the practice in other states, where there is no proof except what is introduced by the plaintiff, and that is insufficient *501 to justify a verdict in his favor. 2 Greenleaf, 5. 3 id. 97. 2 Bailey’s Rep. 321.
In England, a peremptory non-suit could not be ordered. We have adopted the same rule. And we feel bound to approbate also the practice which there prevails, as to the power of the court to charge the jury to find for the defendant, where the plaintiff has wholly failed to make out his case, and there is no conflicting testimony which requires the intervention of a jury; unless indeed there is some statutory provision which alters the common law. Such, however, we think there is not. The statute which has been relied on does not vary the rule. .The language is, that «no judge or justice, before whom any issue or issues of fact may hereafter be tried by a jury, shall sum up or comment on the evidence properly and legally before said jury; nor shall said judge or justice charge said jury on points or principles of law, applicable to the case before them, unless the parties to such issue or issues, or the counsel, differ in opinion as to the same, or unless one of the parties to" such issue or issues shall ask the charge of said judge or justice upon some point or points of law, pertinent to such issue or issues, which shall be distinctly specified by the persons asking such charge.”
In the courts of common law it was the practice for the judge, when the evidence was concluded, to sum it up and charge the jury on points of law applicable to the case., It was no doubt thought that this practice was productive of evil consequences. To check it, this statute was passed, and it does nothing more than limit the judge’s power in this respect. Instead of charging the jury as formerly, he cannot now do so unless the counsel differ in opinion, or request a charge. But his power to judge of the tendency of evidence is not changed. It is essential to the proper administration of justice, that he should have this power. It is a power necessarily incident to k court, and if it is abused, the remedy is .plain and easy, by appeal or writ of error.
It will next be necessary to enquire whether the case made out was such as to justify the charge. And with a view to prevent the abuse of a power, which should be exercised with so much caution, and to correct the errors if any have been thus committed, the evidence has been examined with the strictest scrutiny *502 and all its bearings particularly noticed. But in vain have we looked for any thing which tends in the most remote degree to establish an indebtedness, of any description, from Clarke to the plaintiffs. The written contract or agreement is vague and ambiguous, and lays no foundation for a recovery in this action, nor is it aided by the parol testimony. The written agreement does not appear to have been a rescisión of a previous contract, but it seems to have been intended for a compromise of difficulties, and even in that light, there is nothing which can be construed into a support of the action. As well might it apply in an action of tro-ver, detinue, or any other form of action, as it does to the present one. And if the plaintiffs could recover in this action on the evidence, they need not fear to make a second effort in a new form. With evidence so vague and unsatisfactory, and which did not conduce even in the most remote degree to sustain the action, it surely was not error in the court to tell the jury that the plaintiffs had not made out their case, and they must therefore find for the defendant. If there could have been any doubt about the evidence, this would have been Wrong, but we can perceive no room for doubt.
But suppose we have mistaken the law, and that it was wrong in the court to give the charge, does it necessarily follow that the judgment must be reversed ? If the case had gone to the jury without instructions, and they had found a verdict for the plaintiffs, can it be supposed for a moment that the verdict would have been permitted to stand ? It cannot! The court could not have hesitated in granting a new trial. Then when it is so apparent that justice has been done, — that the result must always be the same, why send the case back for a mere trivial error, which has not produced any prejudice. It is a settled rule, that where it is apparent that justice has been done, a new trial will not be granted. It is clear that justice has been done, and that the result cannot be changed by reversing the judgment, and under such circumstances we are not disposed to interrupt the verdict.
The judgment must be affirmed.