## MOLONY a. DOWS.

*New York Common Pleas; Special Term, June,* 1859.

MOTION FOR NEW TRIAL.—REVIEWING NONSUIT.

A plaintiff who has been nonsuited may move at special term for a new trial. He is not confined to taking an appeal after judgment entered upon the nonsuit.
Where a nonsuit depends upon important questions, and disposes of the whole of plaintiff's rights, it is a proper case for suspending judgment, and directing that the plaintiff's exception to the nonsuit be heard at the first instance at the general term.

Motion for a new trial.

The action was tried before Hon. CHARLES P. DALY, F. J., and a jury; the defendant moved for a nonsuit, which was granted. His decision of the motion is reported 8 *Ante*, 316.

The plaintiff now moved at special term for a new trial.

Other facts appear in the opinion.

DALY, F. J.—An order ought to have been made at the trial, directing that the exception taken to the decision of the court granting the motion of a nonsuit, should be heard in the first instance at the general term. The question was a new and an important one. It was very fully and elaborately argued upon both sides. The decision disposed of the whole of the plaintiff's rights, and it was therefore eminently proper to send the case at once to the general term, and to suspend, in the mean while, the entry of judgment. It was my impression that it was the general understanding of all parties at the time that that course was to be taken, and it was certainly my intention to have made such an order. If it be doubtful whether I can make such an order now, a point that I do not feel called upon at present to pass upon, there is no doubt in my mind of the plaintiff's right to make a motion at the special term for a new trial; and as, unless the defendant wishes to have three arguments, a formal order denying a new trial, will accomplish the same purpose as if the proper order had been made at the trial, I will confine myself to the examination of the question, whether there is any room for doubt as to the plaintiff's right to make such a motion, where he has been nonsuited.

The remedy in a case of this kind before the Code, was by a motion founded upon a case or bill of exceptions, to set aside the nonsuit, which was in effect a motion for a new trial, which would follow as a matter of course, if the motion were granted. (Pratt a. Hull, 13 *Johns.*, 334; Packard a. Hill, 7 *Cow.*, 434; Wormouth a. Crane, 3 *Wend.*, 394; *Grab. on New Tr.*, 280, 282, 1st ed.; *Grah. Pr.*, 312, 2d ed.)

It was embraced in the class then known as enumerated motions, which was heard in this court by all the judges sitting in *banc*, every Saturday, and in the Supreme Court the motion was heard, in the first instance, before the circuit judge, unless he should direct that it be carried immediately before the Supreme Court. (*Laws of* 1832, 188; *Laws of* 1833, 395; Hicks a. Chamberlain, 12 *Wend.*, 254.)

If the party seeking the review wished to prevent the entry

of a judgment, he obtained an order staying proceedings until the motion was heard and disposed of; but the motion might be made, though judgment had been perfected and execution issued, and if granted, the court would order restitution. (*Laws of* 1832, 188, *ch.* 128, § 1.) If the motion were denied, an appeal lay to the Supreme Court from the decision of the circuit judge.

The Code has made no material change as to the course of procedure, where the object is to obtain a new trial. The application by motion to the special term, in the first instance, except when the judge at the trial directs it to be heard in the first instance at the general term, is analogous to the former motion, before the circuit judge or before the judges of this court, or of the Superior Court; and the appeal from the order granting or refusing the new trial, is the establishment, in the three courts, of the practice which, before the Code, prevailed only in the Supreme Court; while the appeal upon the law to the general term from the judgment, is a substitute for the former writ of error. "There is no warrant in the Code," as was said by my late colleague, Judge Woodruff, in Morgan *a.* Bruce (1 *Code, R. N. S.*, 364), "for regarding a motion for a new trial as different in any of its material incidents, from the like motion under the former system of practice." The effect and operation of the Code as to the manner of obtaining a review, was very fully examined by this court in the cases of Hastings *a.* McKinley (3 *Code, R.*, 10), and Morgan *a.* Bruce (*supra*), and as a very lucid exposition was given by Judge Woodruff, in the first of these cases, of the system that prevailed before, with the view of pointing out the exact effect and nature of the enactments of the Code, it will be sufficient to refer to his opinion for an exposition of the views of this court. Since those decisions were rendered, the sections then reviewed have undergone no change, except by the amendment of section 348, in 1852, providing that an appeal upon the facts, as well as upon the law, might be taken to the general term, where the trial is by the court or by referee.

The motion for a new trial was a comprehensive remedy, where for misdirection or the improper admission or rejection of evidence, a bill of exceptions was tendered, or where a demurrer to evidence was put in, or a nonsuit was granted, or a

case made to set aside a verdict as contrary to evidence. The design of the motion in all such cases, was to enable a party to have a re-examination, without compelling him to resort to his writ of error, or anciently to his writ of attaint. It was a more simple, expeditious, and, in some cases where the court had the discretion to grant it or not, the only effectual remedy, and there is nothing in the Code, showing any intention on the part of the Legislature to restrict or abridge it, or to alter in effect the procedure by which this mode of review might be obtained. Formerly the motion had to be made before the court in *banc.* The statute before referred to, made an important change by requiring,—where a bill of exception was taken to a case made, demurrer to evidence put in, or motion made for new trial, on the ground of newly discovered evidence,—that the matter should be first heard and decided by the circuit judge, and that from his decision, either party might bring the cause to a hearing before the Supreme Court, by appeal. The case of referees was not embraced in this provision, and motions to set aside their reports upon the merits, and for a rehearing before them, was always made before the Supreme Court in *banc.* (Graham *a.* Milliman, 4 *How. Pr. R.,* 435.) In this court and in the Superior Court, the power to grant new trials was exercised as incident to their common-law jurisdiction, as distinct tribunals. (*Livingston's Mayor's Court,* 1802, pp. 12, 14, 17, 92, 103), and if a new trial were denied, the remedy was by writ of error to the Supreme Court from the judgment.

The Code made provision in 1848 for the manner of review in a new mode of trial—the trial before the court without a jury—by providing for an appeal from the judgment entered upon the direction of a single judge to the general term. In 1851 this mode of review was applied to judgment entered upon report of referees, and in 1852, the general term was authorized upon such appeal, to review questions of fact as well as of law. Except in this class of cases, there is no very material or substantial change in the course of procedure. Things are called by different names, but the Code is, in this part of it, but little else than a codification, and a more general extension of the system that was previously in use.

Section 348 allows an appeal upon the *law* to be taken from a judgment entered upon the direction of a single judge; but

this cannot be regarded as cutting off the right which previously existed, of moving before judgment for a new trial, for errors of law, and substituting in its place an appeal to the general term from the judgment.   Such a motion, it has been shown could, before the Code, be made before a circuit judge, unless he ordered otherwise; and such motions are now embraced, in my judgment, under the general head of motions for a new trial in section 265, which are to be heard at the special term, unless the judge, at the trial, direct them to be heard in the first instance at the general term.   It is urged that this section relates only to cases where a verdict has been rendered, and does not embrace the case of the granting of a nonsuit.   There is nothing in the section to warrant any such construction.   It embraces every case where a motion for a new trial might have been made before, or if there be any exception, it is limited to the cases of a trial by the court without a jury, and a trial by referees.

It is urged that the decision of the court in granting the nonsuit, involves purely a question of law, and that the only remedy which the plaintiff has is an appeal from the judgment entered upon that decision to the general term; that section 348 in allowing an appeal from a judgment entered upon the direction of a single judge, provides for, and was designed to embrace, such a case.   The meaning, however, of this part of section 348 is very plain.   Every judgment that is enacted, except in cases where it is entered upon the report of referees, or upon confession without action, or upon the decision of the general term, or where the clerk is authorized to enter it upon the failure to answer, is by section 278 a judgment entered upon the direction of a single judge.   Upon every such judgment so entered, an appeal lies upon *the law* to the general term, which appeal, as before remarked, is a substitute for the former writ of error, which brought under review only questions of law.   Judgment upon reports of referees are included in the same provisions, so that upon all the judgments here enumerated, an appeal was to the general term upon the law.

In the language of the statute, it was from a judgment entered upon the direction of a single judge, or upon a report of referees " in all cases," thus giving the appellate tribunal (the general term) the same power of review in the case of judgment, that was formerly obtained by means of a writ of error.   This

is entirely in consonance with the former system, and there is nothing in the part of the section, indicating any intention on the part of the Legislature to take away the right which previously existed of moving for a new trial when a nonsuit was granted, any more than any other case where a new trial might be moved for. The provision in section 265, directing the manner in which the motion should be heard, and the provision that is made in section 349, for an appeal from the order granting or refusing a new trial, both as respects the manner of hearing the motion, the mode of appeal, the giving of security, &c., is in every essential particular the same practice that was previously in use by the Supreme Court (General Rules, 9 *Wend.*, 449; *Graham's Practice*, 640, 2d ed.), and very plainly shows the design of the regulation. Changes have been created through the institution of special and general terms, particularly in this court and in the Supreme Court, and by the provisions in relation to trials by the court and referees, and the provision authorizing the judge in his discretion to hear a motion for a new trial upon his minutes, during the term or circuit at which the trial was had; but beyond this there is nothing affecting the motion for a new trial.

If the order denying a new trial will not accomplish the same purpose as if the proper order had been made on the trial, then I will hear the parties further upon an application to have the order made now which should have been made at the trial.

---

## LAMBERT *a.* SNOW.

*New York Common Pleas; General Term, July*, 1859.

PROVISIONAL REMEDIES.—WAIVER.—JOINDER OF ACTIONS.—
APPEAL.

The plaintiff who has resorted to a provisional remedy, waives it by uniting in his complaint causes of action, to some of which the provisional remedy does not extend.