(52 Misc. Rep. 300)

## JAMES McCREERY REALTY CORPORATION v. EQUITABLE NATIONAL BANK.

### (City Court of New York, Trial Term.   January, 1907.)

APPEAL—EFFECT IN LOWER COURT OF DECISION—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.

The authority to grant a new trial on the ground of newly discovered evidence is derived from the statutes of the state (Code Civ. Proc. §§ 1002, 1005); and the City Court of New York may grant a new trial, though its judgment has been affirmed on writ of error by the Supreme Court of the United States.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 4669.]

Action by the James McCreery Realty Corporation against the Equitable National Bank. Verdict for defendant. Plaintiff moves for a new trial. Motion granted.

Eugene G. Kremer (Jones & Wolff, of counsel), for plaintiff.

Charles A. Hess (Louis Marshall and Jerome Hess, of counsel), for defendant.

O'DWYER, C. J. After due consideration of the proofs submitted, I am of opinion that the plaintiff has made out a case entitling it to a new trial. The objection that the City Court, the court of original jurisdiction, is without power to grant a new trial upon newly discovered evidence, where the Supreme Court of the United States has affirmed its judgment upon a writ of error duly issued thereto, is fully answered and overruled in Ex parte Fuller, 182 U. S. 562, 21 Sup. Ct. 871, 45 L. Ed. 1230. The principle underlying the decision in that and kindred cases is that the law of the place of trial determines the right of a party to a new trial, and that, whenever under that law the right to a new trial exists, that right may be enforced, even though the case has been before

the Supreme Court of the United States upon writ of error and its mandate issued.

The further objection that the decision in Ex parte Fuller does not apply, for the reason that there is no statutory provision in the state of New York authorizing new trials upon the ground of newly discovered evidence, but that the right thereto is discretionary, and exercised by the courts by virtue of their inherent powers to control their own judgments, is not well taken. Statutory provision therefor is found in chapter 128, p. 188, Laws 1832, section 265, Code Proc., and sections 1002 and 1005, Code Civ. Proc. The history of the law of the state of New York with relation to the granting of new trials is clearly traced by the decisions back to its statutory origin in chapter 128, p. 188, Laws 1832. See Tracey v. Altmayer, 46 N. Y. 598; note to Tucker v. White, 28 How. Prac. (N. Y.) 78; Luddington v. Miller, 36 N. Y. Super. Ct. 1; Raphaelsky v. Lynch, 12 Abb. Prac. (N. S.) 224; Maloney v. Dowes, 18 How. Prac. (N. Y.) 27; Voisin v. Com. Mut. Ins. Co., 56 Hun, 215, 9 N. Y. Supp. 267, affirmed 123 N. Y. 120, 25 N. E. 325, 9 L. R. A. 612. These cases show beyond question that the authority to grant new trials upon the ground of newly discovered evidence is derived from the statutes of this state, and, assuming the contention of the learned counsel for the defendant to be correct, that the question depends upon the existence or nonexistence of such statutory provisions, then this court has jurisdiction to make and enter the order granting a new trial. Plaintiff's proposed order will be entered as corrected, and the affidavit submitted by defendant, upon the settlement thereof, returned. It has no place in the record upon which the order is made. In any proceeding brought to vacate the order now entered, defendant may apply for a certificate setting forth the presentation of the affidavit and the opposition interposed to the entry of the order.

Ordered accordingly.