### CERRATO v. SANTUGGE.

(Supreme Court, Appellate Term. November 30, 1909.)

1. NEW TRIAL (§ 108*)—NEWLY DISCOVERED EVIDENCE—PROBABLE EFFECT.

A new trial should be granted for newly discovered evidence, where the moving party has not been guilty of undue delay in obtaining the evidence, which is substantial and is of such a nature as to justify a belief that, had it been submitted, the result might have been different.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 226, 227; Dec. Dig. § 108.*]

2. NEW TRIAL (§ 150*)—NEWLY DISCOVERED EVIDENCE—AFFIDAVITS ON APPLICATION.

Where a witness can supply the new evidence, and refuses to make an affidavit, the affidavit of another as to his statements is sufficient to warrant granting a new trial.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 307, 308; Dec. Dig. § 150.*]

3. COURTS (§ 190*)—MUNICIPAL COURTS—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.

A new trial may be granted in the City Court of New York for newly discovered evidence, though the judgment has been affirmed on appeal.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 103; Dec. Dig. § 190;* Appeal and Error, Cent. Dig. § 3379½.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Michele Cerrato against James Santugge. Judgment for plaintiff. From an order denying a new trial, defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

George H. Mallory, for appellant.
Bernard S. Deutsch, for respondent.

PER CURIAM. The defendant appeals from an order denying his motion for a new trial on the ground of the newly discovered evidence of one Bova. A perusal of the affidavits in support of the motion,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

which are practically uncontradicted in their essential features, seems to indicate that defendant has not been guilty of undue delay in obtaining the newly discovered evidence, which appears to be of a substantial nature, bearing upon the issues in suit in a manner that justifies a belief that, had such evidence been submitted at the trial, the result might have been different.

The main objection is that no affidavit of Bova himself is produced; but this is accounted for by the affiants, who state that Bova stated to them that he would not make an affidavit, but would swear to the facts indicated, if called to court as a witness. The rule is that, where a witness who can supply the new evidence refuses to make an affidavit, another can make an affidavit of such witness' statements, which will be sufficient to warrant the granting of the motion. James McCreery Realty Corporation v. Equitable Nat. Bank, 54 Misc. Rep. 508, 104 N. Y. Supp. 959. So far as laches are concerned, it has been held that a new trial can be granted in the City Court for newly discovered evidence, even though the judgment has been affirmed on appeal (Id., 52 Misc. Rep. 300, 102 N. Y. Supp. 975, and cases cited; Ex parte Fuller, 182 U. S. 562, 21 Sup. Ct. 871, 45 L. Ed. 1230; 54 Misc. Rep. 508, 104 N. Y. Supp. 959); and, as above stated, defendant does not appear to have been negligent, and it seems to us that the order should be reversed.

Order reversed, and a new trial granted, with costs to appellant to abide the event.