Roosevelt
v.
Heirs of Fulton

*ROOSEVELT *against* THE HEIRS OF FULTON.

*If a party perfect judgment, but afterwards appear and argue against a new trial on the merits upon a bill of exceptions, which is granted; this is a waiver of the judgment; and a vacatur will be ordered.*

*After a bill of exceptions proposed at the trial is drawn, amendments proposed, and both are delivered to the judge for the purpose of being settled; though the bill be not actually signed; this is a stay of proceedings.*

*A bill of exceptions, is, per se, and without any order, a stay of proceedings. But till it be delivered to the judge to be settled with amendments, an order should be obtained for time.*

C. GRAHAM moved to enter on the record a *vacatur* of the judgment for the plaintiff in this cause.

One ground of the motion was, that a bill of exceptions had been proposed at the trial, which, before the rule for judgment had been entered, was drawn, amendments proposed, and both were delivered to the judge to be settled. The plaintiff perfected his judgment before it was settled and signed by the judge.

Another ground was, that a new trial had been granted (both parties appearing and arguing) on the bill of exceptions, as mentioned ante, 71, S. C.

*J. I. Roosevelt*, contra.

*Curia.* The motion must be granted on both grounds. The argument was a waiver of the judgment. On the first ground it must be granted with costs. A bill of exceptions stays proceedings, *per se*, after it is settled. To be sure, till it is drawn and submitted for settlement, time should be obtained by order; but when once the draft and amendments are delivered to the judge, we have always considered the bill complete for the purpose of staying proceedings; though it be not settled and signed in fact. The party has then done every thing in his power towards perfecting it; and ought not to be prejudiced by the time which is required by the judge to review, and make it conform to the truth of the case.

Motion granted with costs.