## HICKS *vs.* CHAMBERLAIN.

In all cases where a bill of exceptions is taken, demurrer to evidence put in, case made, or notice given of a motion for a new trial on newly discovered evidence, the cause must be heard and decided by the circuit judge *previous* to its being brought into this court; and that as well where there *is*, as where there *is not*, an order to stay proceedings, unless the circuit judge shall have directed that the bill of exceptions, or the like, shall be carried *immediately* to this court.

December 18.     THE plaintiff obtained a verdict in a *personal action*, in November, 1833. The defendant tendered a bill of exceptions, and obtained an order enlarging the time to settle the same for forty days, and then *staying all proceedings* on the part of the plaintiff upon the verdict, until the further order of this court. The bill was duly settled, and at the last *October term* the plaintiff noticed the cause for argument *in this court*, and that he would apply for judgment on the ground of the *frivolousness* of the bill of exceptions, and obtained a rule for judgment, on the default of the defendant to appear. The defend-

ant now moved to set aside such rule, and all subsequent pro-
ceedings, on the ground that the bill of exceptions should *in*
*the first instance* have been argued before the circuit judge and     Hicks
decided by him, Laws of 1832, page 189, § 2; no direction    v.
having been given by the circuit judge that the bill of excep-    Chamberlain.
tions should be carried *immediately* to this court, without being
argued before him.   Laws of 1833, page 395, § 4.

On the part of the plaintiff, it was insisted that the cases
which the act of 1832 required should *in the first instance* be
heard and decided by the circuit judge, were those only in
which *the proceedings were not stayed.*   The object of the act
was to provide for a speedy decision in cases where the judg-
ment might be perfected and execution issued, in conse-
quence of the refusal of the judge to grant a stay.   Here,
there was an order to stay until the decision of this court up-
on the bill of exceptions; and this case, therefore, not being
within the terms or reason of the act, the plaintiff was at lib-
erty at once to apply to this court for judgment upon the ver-
dict, on account of the *frivolousness* of the bill of exceptions;
and was entitled to be heard according to the 52d general rule
of the court, the defendant not having obtained the certificate
of the judge who tried the cause, that there was probable
cause to stay the proceedings.

*By the Court,* Savage, Ch. J.   This cause requires an ex-
amination of the provisions of the " act relating to the su-
preme and circuit courts," passed April 13, 1832.   The poli-
cy of the act manifestly was to prevent causes being carried
directly from the circuit to the supreme court, without first
giving to the circuit judge time and opportunity deliberately
to examine and decide the questions raised in the cause.   It
may often happen that when a question is presented in the
hurry and bustle of a *nisi prius* court, the judge may make a
decision, which, upon examination and reflection he would
pronounce incorrect.   It was, therefore, to enable him to re-
view his own decisions, and thereby prevent delay and ex-
pense to the parties, that the act in question was passed.
With this key to the statute, let us look into its provisions.
The *first* section enacts that " where, in any personal action,

any bill of exceptions shall be taken, demurrer to evidence put in, case made, or notice of motion given for new trial on newly discovered evidence, and the proceedings shall not be stayed, the party in whose favor the verdict is rendered, may perfect his judgment and issue execution ; but it shall nevertheless be lawful for the *other party to proceed to obtain a hearing before the supreme court upon the matters in question, in the manner hereinafter mentioned ; and in case their judgment shall be in his favor, they may set aside the proceedings with the verdict, and order restitution, &c.* The sole object of this section is to authorize the prevailing party to enter his judgment and to issue execution, where an order to stay proceedings has not been obtained ; and notwithstanding such entry of judgment to authorize the opposite party to proceed in his motion for a new trial, making provision for restitution in case a new trial be granted. The *second* section enacts that " the cases mentioned in the first section in this act, shall *in the first instance* be heard and decided by the circuit judge,'' &c. What cases are to be heard in the first instance by the circuit judge ? As I read the statute, *all* bills of exceptions, demurrers to evidence, cases made, and motions for new trials on newly discovered evidence. The counsel for the plaintiff contends that these cases are not to go before the circuit judge *unless proceedings have not been stayed. The stay of proceedings* has no influence upon the course to be pursued, as to whether the bill of exceptions, &c. shall or shall not in the first instance be heard before the circuit judge ; its office is to prevent judgment being entered upon the verdict or nonsuit, until the question raised in the cause can be decided. The cases enumerated in the statute must, therefore, be heard and decided by the circuit judge, before they can be placed on the calendar of this court, unless the circuit judge, according to the provisions of the act of 1833, shall have directed that the bill of exceptions, or the like, shall be carried immediately to this court, without being argued before him, Laws of 1833, page 395, § 4. This cause not having been heard and decided by the circuit judge previous to its being placed on the calendar here, and no order having been made by the circuit

judge that the bill of exceptions should be carried immediately here, the judgment of the plaintiff was irregular, and must be set aside with costs.