By the Court. Bosworth, J.
The defendant, Richardson, offered himself, “generally on his own behalf," as a witness, and was excluded. To the decision excluding him, his counsel excepted. The plaintiff’s assignor, of the causes of action stated in the complaint, was examined as a witness on behalf of the plaintiff. But the examination of such assignor did not authorize the defendant to be a witness generally on his own behalf, but only “ to the same matter ” as to which the assignor had been examined (this action having been tried in October, 1855).—Code, § 399; Laws of 1851, p. 903. It is apparent from the case, as we think, that this offer was made, and that the Court and counsel treated and understood it, as an offer to examine Richardson to matters as to which the plaintiff’s assignor had not been examined, and that the defendant, Richardson, did not desire to be examined at all, if the examination was to be restricted to the same matters to which the assignor had been examined. The offer thus viewed was properly rejected. This exception is not noticed in the printed points of the appellant, submitted on this appeal; but, finding it upon the record, it seemed to us that it should not pass unnoticed.
But the appellant’s counsel contends that the complaint is fatally defective.
It is true that, the notes are not negotiable in such sense, that an assignee of them could maintain an action upon them at common law, in his own name. But they are vendible and assignable. They are correctly described in the complaint. The complaint states, that they were duly endorsed to the plaintiff, that he is the lawful owner and holder of them, and that payment of them, before the commencement of this suit, was duly demanded, and that no part of them has been paid. These allegations having been put at issue, are sufficient to admit proof of an absolute sale and delivery of the notes to the plaintiff, and of a demand of payment of them, and of a refusal by the defendants to pay* We must presume that the cause was submitted to the jury under proper instructions, as the charge does not appear in the case.
*406 We are not at liberty to review the evidence, as to the general merits of the action, as no appeal has been taken from any order of the special term, denying a motion for a new trial. We cannot ascertain from the case before us that the defendant applied to the special term for á new trial, on the ground that the verdict was against evidence.
Hone of the exceptions, presented for our consideration, being well taken, the judgment must be affirmed, with costs.

 See Prindle v. Caruthers, 15 N. Y. R. 435.