By the Court—Bosworth, Ch. J.
Section 174 [149] of the Code allows the Court “in its discretion, and upon such, terms as may be just, at any time within one year after notice thereof, to relieve a party from a judgment * * taken against him through his mistake, inadvertence, surprise, or excusable neglect.”
Before the Code, and prior to the passage of the act of the 13th of April, 1832, (chap. 128,) it was well settled that the service of a bill of exceptions, of amendments thereto, and a sub *680 mission of them for settlement before judgment had been entered, operated per se as a stay of proceedings. (Roosevelt v. The Heirs of Fulton, 7 Cow., 107; Pelletreau v. Moore, 9 Wend., 498.)
The act of April 13, 1832, allowed judgment to be entered after the exceptions were settled or a case had been made, and the exceptions to be heard subsequently. But that act in terms applied only to the Supreme and Circuit Courts, and did not affect proceedings in this Court, or in the Courts of Common Pleas of the several counties.
The rule in those Courts continued unchanged down to the time the Code took effect. Prior to the act of 1832, bills of exceptions taken at the Circuits were heard in the Supreme Court before judgment was entered. Those taken in the Courts of Common Pleas (except the city and county of Hew York) were reviewed in the first instance by a writ of error from the Supreme Court to the inferior Court.
The Code declares that a motion for a new trial on a case or exceptions, * * * must, in the first instance, be heard and decided at the Circuit or Special Term, except in a single specified case.
It is not surprising that an attorney, conscious that his adversary was distinguished for his fairness and liberality, and therefore not feeling any necessity for extreme watchfulness over the regularity of his proceedings, and having totally forgotten that a notice of entering judgment had been served; should have deceived himself into the conviction that his proceedings were regular and that he had secured the right to be heard on the exceptions. And the plaintiff’s attorney, in declining to waive the default now, does so only because he supposes he has not the power, authority and right to do it.
But the defendants’ attorney does not, by his affidavits, show that he supposed the plaintiff was stayed, by the submission of the proposed exceptions and amendments for settlement, from entering judgment; he seems to have had and acted upon the impression that he would be heard as a matter of course at the General Term.
We think that section 264, [219,] by declaring “ that if a different direction be not given by the Court, the clerk must enter judgment in conformity with the verdict,” in effect, enacts that *681 proceedings shall only be stayed by order of the Court. And that if no stay be granted by the Court or a Judge before judgment is perfected, the defeated party cannot subsequently make a motion for a new trial under section 265 of the Code. Such party, however, if he has taken exceptions may appeal from the judgment and on such appeal have th'e exceptions considered, provided he prepares a bill of exceptions and has it settled, within the time prescribed by the rules of the Court.
If the meaning and effect of section 264 be not such as is above suggested, then it does not occur to me that the provisions of the Code are inconsistent with the rule declared in 7 Cowen and 9 Wendell, (supra,) and if they are not, section 469 would justify the belief that it continued in force.
But I think the provisions of the Code do not favor the conclusion that a bill of exceptions per se stays the entry of judgment. It did not in the Supreme Court after the act of 1832 (supra) was passed, and that act has no application to suits commenced under the Code.
In this view the plaintiff is entirely regular. The defendants had no right to be heard at Special Term after the judgment had been regularly perfected. (15 J. R., 354; 4 Hill, 125.)
They could not be heard at General Term because they omitted to appeal within the time allowed by law.
It is very clear, however, that this has resulted from the mistake of the defendants’ attorney. And, practically, the question is, is he so utterly without excuse that his clients must abide by the consequences of it.
It is very clear, that he acted in good faith. He prepared his case promptly; and there seems to be no want of diligence, after he knew it was settled, to get it in a condition to be brought before the Court.
He had forgotten that he had ever been served with a notice of judgment, and even now has no recollection of it. This is easily explained, when it appears that he supposed he had a right to be heard as a matter of course. Having that conviction, service of such a notice would be regarded by him as unimportant, and would make no impression and would not be recollected.
Some two months at least, after the time to appeal had expired he and the plaintiff’s attorney met and compared an engrossed *682 copy of the bill of exceptions with the proposed exceptions and amendments, and the alterations therein, made by the Judge in settling them.
This labor was expended by both attorneys under the conviction of both, that the case was one on which the defendants had a right to be heard, and on which he would be heard as a matter of course, the one supposing that no notice of appeal was necessary, and the other that a notice of appeal had been duly served.
In the present case, a hearing can be had, without subjecting the plaintiff to any prejudice, except such as may result from the mere delay that must occur to enable such hearing to be had. The defendants can be compelled, as a condition to granting them any relief, to give perfect security to pay the sum recovered with interest and costs, if such security be deemed of any importance.
Under such circumstances, as the good faith of the defendants’ attorney cannot be and is not questioned, as it is indisputable that it is wholly owing to his mistake, in respect to the proper practice to be pursued, that his clients have lost the privilege to be heard as a matter of strict right; and as a hearing can be had without much delay, and as the plaintiff can be made perfectly secure of being paid the verdict, with interest and costs, (if the verdict be just and ought to stand,) I think the plaintiff should be relieved from the judgment.
It is not questioned that the exceptions taken present points deserving a careful consideration.
In Case v. Shepherd, (1 J. C., 245, in 1800,) the Court allowed a motion for a new trial on a case to be heard after judgment perfected, on the ground that the defendant’s attorney had misconstrued the. 4th Rule of January Term, 1799. In the same case, the rule was stated to be that the Court, “will not hear an argument to set aside a verdict, default or inquisition, after a judgment has been duly entered.”
In Jackson, ex dem., v. Chace, (15 J. R., 854, in 1818,) the Court refused to hear a motion for a new trial on the ground of newly discovered evidence, noticed to be made after judgment perfected. The Court said, “in no case has a motion for a new trial been heard, after a judgment has been regularly perfected. The case of Shepherd arose soon after the present rules and orders of the Court were made, and the Court, under the particular circum *683 stances of the case, of an alleged misapprehension of the meaning of the 4th Rule of January Term, 1799, allowed the motion to be made.”
In Savage v. Hicks, (2 Wend., 246, in 1829,)'thirty years after the practice had been settled, that such a motion could not be made after judgment perfected, the Court granted that relief, on the ground that a case had been made in good faith and served before the judgment was entered. It was an inadvertence of the attorney that he had omitted to obtain a stay of proceedings until the case could be heard. (Hawkins v. The Dutchess and Orange Steamboat Co., 7 Cow., 467.)
In the present suit as in that, a case was duly made and settled, and it was done in good faith. In this suit, after the case was settled, the attorneys met together and compared it with an engrossed copy, so that it could be ascertained that the defendants’ attorney might have it printed or copies made for the hearing, without any hazard of future changes by a motion to resettle it or otherwise, and both attorneys undoubtedly then supposed that the defendants could be heard upon it as • a matter of strict right.
During the interval between the passage of the act of April, 1832, (supra,) and the enactment of the Code, the right to be heard after judgment perfected, in actions in the Supreme Court, was a strict right.
The Code, as enacted in 1848, did not permit a judgment to be entered until after the expiration of four days from the verdict. (Laws of 1848, p. 538, § 220.)
As amended in 1849, judgment could be’entered at once, and it became final after the expiration of four days, “ unless the Court or a Judge thereof ordered the case to be reserved for argument or further consideration, or granted a stay of proceedings. (Laws of 1849, p. 667, § 265.)
This language might be understood as authorizing a motion for a new trial after judgment entered, provided an order was obtained within the four days directing it, or staying proceedings.
The Code, as amended in 1852, authorized the Justice trying a cause to “ stay the entry of judgment and further proceedings thereon ” until a motion for a new trial could be heard and decided, whether made upon the grounds of surprise or irregu *684 larity, or upon a case or bill of exceptions. (Code of 1851, §264.)
In 1852, sections 264 and 265, so far as they affect the questions of practice now under consideration, were enacted in their present form. They omit the provision found in section 264 of the Code of 1851, as to staying the entry of judgment, and as section 264 now reads, the clerk must enter judgment in conformity with the verdict if a different direction be not given by the Court.
However plain the practice may appear to those who understand it correctly and are perfectly familiar with it, I think the evidence is entirely satisfactory that it was misunderstood in the present instance, and that the attorney was using respectable diligence to prepare for a hearing upon the case, which he had made in entire good faith. He presents grounds addressing themselves more forcibly on behalf of the equitable interposition of the Court than are disclosed by the report of Savage v. Hicks ; and as no injury can result to any party from granting the relief sought, while possibly the ends of justice may be promoted, the defendants should be permitted to be heard.
At the same time I deem it proper to say, that to justify the granting of such relief the case should be one of unquestionable mistake, and evincing perfect good faith, and should be merritorious, and even then to grant such relief is going to the extreme verge of judicial discretion.
The judgment may be set aside on payment of the costs of entering it, and of the subsequent proceedings, including $10 costs of this appeal, and giving security for the payment of the verdict, with interest and costs \ but the plaintiff’s attorney, by electing to admit due service of a notice of appeal from the judgment, as of a day when it might have regularly been served, may retain the judgment and restrict the defendants to a hearing of their exceptions upon such appeal.
Ordered accordingly.