## SUPREME COURT.

### Tucker agt. White.

*Reported in 27th How. 97.*

Motion for a new trial on a case, after unconditional judgment.

This case as above reported, holds that *" as an original question,"* it is clear that the *entry of judgment* on a verdict, forms no bar to a motion at special term for *a new trial on a case,* whether it be entered to stand as security or not.

And the authorities holding to the contrary, though regarded as perhaps binding until reversed, are disapproved by the general term in the eighth district in deciding this case—Judge Grover writing the opinion.

In a note at the foot of the case as reported in *27 Howard,* the reporter adds: " It is proposed in a future number to furnish a critical review of all the reported cases on the question, chronologically arranged, and to show that under the Code as it now stands, the authorities are not in reality in conflict with the doctrine above enunciated, etc.*

The authorities cited but disapproved in Judge Grover's opinion as in conflict with the doctrine contended for, are as follows: *Jackson* agt. *Fassit,* 17 *How.* 453; *Morange* agt. *Morris,* 20 *How.* 258; *Jackson* agt. *Fassit,* again, 21 *How.* 280, and *Soverhill* agt. *Post,* 22 *How.* 386.

The case of *Jackson* agt. *Fassit,* 17 *How.* 453, was decided at the New York special term, held by Justice Roosevelt, in January, 1859; and *Jackson* agt. *Fassit,* 21 *How.* 280, was the same case on appeal from Judge Roosevelt's order to the general term, held by Justices Clerke, Sutherland and Ingraham, in June, 1861. On examination of the case as reported at special term, it appears that the learned judge concedes that the motion may be made after judgment where it is entered as security, and that while he argues that in other cases *only the judge at circuit* can hear such a motion, and *that* before judgment, yet in the case before him he does decide the motion *on the merits* as well as on the question of jurisdiction. It may be added that the opinion does not profess to go fully into the question, or review the authorities or changes in the law, evidently (p. 455) postponing or delegating that duty to the general term, to which it is rather taken for granted an appeal will be brought.

At the general term, while the court express a concurrence with the special term on the question of jurisdiction, yet it is done rather on a cursory view of the point, and without much apparent research, the court proceeding immediately to a full examination and decision of the motion *on the merits,* resting their jurisdiction on

---

* It is proper to state that this Note, referred to in 27 *How.* 97, was made at the suggestion of F. E. Cornwell, Esq., of Buffalo, counsel for the defendant in the case of *Tucker* agt. *White,* there reported, with the assurance that he would make good its statements, having had the question under examination in that case. By the present Note, we think Mr. Cornwell has very fully and ably redeemed his promise. The space given to it could not, in our judgment, be occupied with a more interesting and useful question of practice.—Rep.

Tucker agt. White.

the proposition that making and serving a case and exceptions, and attaching it to the record is *equivalent* to a notice of appeal from the judgment.

Without disrespect to the learned judges who delivered these opinions, it may well be said that the two cases are hardly insurmountable authority on the point in question, inasmuch as the point was not necessarily involved in the decision, the case being finally put on other grounds.

The next case referred to by Judge GROVER, is *Morange agt. Morris* 20 *How.* 257. That was a motion to dismiss an appeal from a judgment entered on a verdict to general term, upon the ground that by the terms of section 265 of the Code a motion for a new trial on a case or bill of exceptions must be first heard and decided at circuit or special term, and could not, as was sought to be done there, be heard in the first instance at general term, without a direction to that effect by the judge at the trial, which in that case had not been obtained. This was the only point in the case, *i. e.* whether a motion for a new trial on exceptions could be made at the general term in the first instance without a direction to that effect by the circuit judge; and Judge HOGEBOOM shows very clearly that it can be done *on an appeal from the judgment,* by virtue of sections 278, 281 and 348 of the Code, the bill of exceptions being attached to the record. And the learned judge takes occasion to show *to what cases* the prohibition or imperative language of section 265 was meant to apply, and in the course of his examination adopts the theory that it applies *only* to a review of a verdict and trial *before judgment*. It was enough for the purpose of disposing of the case before him, to establish that section 265 did not *prohibit* a motion for a new trial on exceptions on *appeal* from the judgment, the bill of exceptions being attached to the record. The question considered in *Tucker* agt. *White* was not before him for decision, and the case is therefore not authority on that point; certainly not therefore an insurmountable case when it is shown that as applied to that point his reasoning is unsound, or that he overlooked the old practice and the present rules in respect to motions for new trial on a case after judgment.

In *Soverhill* agt. *Post,* 22 *How.* 393, the next case referred to by Judge GROVER, it was held that " where a regular judgment has been entered by plaintiff on a verdict in his favor, and judgment roll filed, and subsequently defendant moves to set aside the judgment and verdict for alleged improprieties of the judge and jury before whom the cause was tried, which motion is *denied,* reserving to the defendant the liberty to move for a new trial *on a case* as though such judgment had not been perfected, and subsequently the defendant moves at special term for a new trial on a case, which motion is denied: *held* that the defendant cannot *appeal* to the general term from the *order* denying the latter motion, the judgment in the meantime standing as a final judgment and not appealed from.

This decision was made at Albany general term in March, 1861.

On the preceding page (385) of the same volume (22 *How.*), is the case of *Pumpelly* agt. *The Village of Owego,* in which the Broome general term in January, 1862, decide the same point *the other way,* the only difference being that in the latter case judgment was entered *after* the order denying new trial, but *before* the appeal from it.

Laying out of view the conflict between the two cases thus cited, it will be seen on looking at the opinion in *Soverhill* agt. *Post,* that the case *was* heard and decided *on the merits*; and that on the question of jurisdiction the court only said " it would *seem*" that the preliminary objection on the point of practice was well taken. It seems clear therefore that Judge GROVER pays quite too much deference to *this*

Tucker agt. White.

case also as authority, since the court, without examination, simply gives its impressions on a point not necessary to the decision of a case already disposed of against the motion on the merits.

These are all the cases referred to by Judge GROVER as making up the current of opposing authority, no óne of them being decided or disposed of on the point in question, and there being in no one of them any attempt by the court to give the point a critical examination.

The counsel for plaintiff in *Tucker* agt. *White*, cites one other case: *Gurney* agt. *Smithson*, 7 *Bosw.* 400. It must be conceded that in that case, the point was directly involved and passed upon. But the decision is based upon a most erroneous assumption by the court as to what the former practice had been, as will be seen by the language used in the opinion, which is as follows:

"The order refusing such new trial after judgment, was clearly correct. By the practice as it stood before the Code, the rule for judgment was conditional, unless cause should be shown within four days after the verdict; the motion for a new trial was required to be made within that time, unless it was enlarged by an order of the court; if the judgment was once entered, no new trial could be allowed, even on newly discovered evidence, (*Jackson* agt. *Chace*, 15 *J. R.* 354); *and this principle remained undisturbed until the time of the adoption of the Code*; a judgment once entered could not be overleaped to get at a verdict upon which it was founded. The 264th section of the Code, subdivision one, requires the clerk of the court to enter the judgment in an action upon receiving the verdict, and in conformity therewith, when no different direction is given by the court; no other change is made in the practice; such order of the special term must therefore be affirmed with costs."

Now so far from its being true that "*this principle remained undisturbed until the time of the adoption of the Code*," we have shown in 22 *How. at page* 100, that from 1832 to 1848 at least, a period of 16 years, it was the settled practice of the court to entertain motions for new trial on a case *after judgment*, and to set aside the judgment and grant restitution if collected. That under the Code of 1848, and rules of the court, that practice was not disturbed by any express law or rule. That in 1849 (*Code of* 1849, *sec.* 265), the four-day rule and stay of proceedings was revived. But that *that* practice lasted only two years, and was abrogated in 1851 in part, and wholly abrogated in 1852. (22 *How. pp.* 104, 105.)

We feel warranted therefore in saying that the court in deciding the case in 7 *Bosworth*, fell into an error in regard to the practice and rules on this subject as formerly established, and in assuming the continuance of the rule in 15 *J. R.* 354, down to the time of the Code. And such erroneous assumption being the avowed basis of their decision, it seems fair to say that *that* decision also is not an insurmountable authority in the way of settling the rule of practice as Judge GROVER admits it should be settled, but for the supposed current of authority the other way.

The foregoing are all the cases relied on by plaintiff in *Tucker* agt. *White* as authority for the proposition that the motion cannot be made after unconditional judgment entered. The following are also cited in some of the *Digests*, as bearing on the question, and as favoring the doctrine contended for by the counsel for *Tucker*.

*Case* agt. *Shepherd*, 1 *Johnson's Cases*, 245; decided in January, 1800. Good authority in its day and under the rules of 1799. Those rules were abrogated by the act of 1832 and the rules of 1833. But even in that case the motion was heard

notwithstanding the judgment, on the ground that counsel had made the case in good faith, and had misapprehended the rule.

*Jackson* agt. *Chace,* 15 *Johns.* 354; decided in August, 1818; also under the now abrogated rule of 1799. The whole opinion is as follows: "*Per Curiam.* A motion for a new trial must be made within the first four days of the term, and before judgment is perfected, unless an order to stay proceedings on the verdict has been obtained, which operates as an enlargement of the rule of four days. In no case has a motion for a new trial been heard after a judgment has been regularly perfected. The case of *Shepherd* arose soon after the present rules and orders of the court were made; and the court, under the particular circumstances of the case, of an alleged misapprehension of the meaning of the rule of January term, 1799, allowed the motion to be made. *Motion denied.*"

*Grant* agt. *Root,* 3 *Cow.* 354; decided in October, 1824; also under the abrogated rule of 1799. But here also, as the court said there was probable cause for a new trial, and counsel had misapprehended the rule, they allowed the motion to be made notwithstanding the perfected judgment.

These are all the cases we have been able to find from 1799 to 1832. After working under this rule for thirty-three years, but seldom enforcing it, (twice out of three times it was disregarded or relaxed by the court as we have seen,) and finding it worked badly the legislature interfered, and in 1832 passed the act fully set forth in 27 *How.* 100, under which an entirely new practice and new rules on this subject were inaugurated (*Ed. of Rules of* 1837, *p.* 36; *Gr. Pr. 2d Ed. p.* 637 *to* 640) and continued for sixteen years, *down to the Code of* 1848. In that Code, we see some traces of a disposition to revive the four-day rule, in sections 219 and 220, which are as follows:

"§ 219. Upon receiving a verdict, the court shall direct an entry to be made, specifying the time and the place of the trial, the names of the jurors and witnesses, the verdict, and either the judgment to be rendered thereon, or an order that the case be reserved for argument or further consideration."

"§ 220. Judgment shall be entered by the clerk, in conformity to the verdict, after the expiration of four days, unless the court order the case to be reserved for argument or further consideration."

The next year, 1849, the Code was extensively amended and enlarged, so that these sections, 219 and 220, became sections 264 and 265; but the only changes made in these sections were in 220, by inserting the words "*which shall be final*" between "verdict" and "after," and adding to the section at the end the words, "*or grant a stay of proceedings;*" so that in the Code of 1849, section 219 (264) read as before, and section 220 (265) read as follows:

"§ 265. Judgment shall be entered by the clerk, in conformity to the verdict, *which shall be final after the expiration of four days,* unless the court or a judge thereof order the case to be reserved for argument or further consideration, *or grant a stay of proceedings.*"

As no further change was made until 1851, it will be proper to examine here the decisions made on this point under the Codes of 1848 and 1849, as reported.

*Ball* agt. *The Syracuse and Utica R. R. Co.* (6 *How.* 198) was decided at Madison special term in October, 1851, having been tried at December circuit in 1850. The marginal note is this: "A justice of this court, at special term, has power to hear and decide a motion for a new trial, on the ground that the verdict is against evidence. But the case must be reserved under § 264, or the proceedings be stayed under § 265. If *the judgment* is *suffered to become final* under the latter section,

the motion cannot be entertained. The court cite *Droz* agt. *Lakey & Pine*, 2 *Sandf*. 681, with approbation.

*Droz* agt. *Lakey & Pine*, 2 *Sandf*. 681, was decided at special term of New York superior court, January 19, 1850, marginal note as follows: "A party obtaining a verdict, is not bound to wait four days before entering and perfecting his judgment. The four days mentioned in the Code, after which judgment becomes final, are intended to enable the losing party to obtain a stay of proceedings in reference to a case. If he obtain an order staying proceedings within the four days, he may move to set aside the verdict as against evidence, *notwithstanding the entry of judgment*."

*Collins* agt. *The Albany and Schenectady R. R. Co.*, 5 *How*. 435, decided by Albany general term in May, 1851, held that, "An appeal will not lie in the first instance to the general term, upon a case containing questions of *fact alone*. Application for a new trial *must* first be made at the special term." The cause had been tried at the Albany circuit in March, 1860; verdict $11,000. Judgment entered and case attached to record, containing no exceptions, and defendant appealed to general term, complaining that the verdict was against evidence. The court dismissed the appeal, without prejudice to the right of the defendants to apply for a new trial at special term.

These cases are sufficient to show how the courts construed the Codes of 1848 and 1849. The *entry of judgment* did not prevent the motion. Indeed it was the duty of the clerk to enter the judgment *on the verdict*, under the Code of 1849, in all cases. But it did not become *final* until four days had elapsed. A case made within that time, or a stay within that time and case within the stay, was all that was necessary to warrant the making of the motion, notwithstanding judgment was entered.

In 1851 sections 264 and 265 were amended so as to read as follows:

"§ 264. Upon receiving a verdict, the clerk shall make an entry in his minutes, specifying the time and place of the trial, the names of the jurors and witnesses, the verdict, and either the judgment to be rendered thereon, or an order that the cause be reserved for argument or further consideration. The justice trying the cause may, in his discretion, and upon such terms as may be just, stay the entry of judgment and further proceedings, until the hearing and final decision of a motion for a new trial, or to set aside the verdict or judgment, upon the grounds of surprise or irregularity, or upon a case or bill of exceptions."

"The court shall have power to order a verdict to be entered, subject to the opinion of the court thereon. The judge who tries the cause may, in his discretion, entertain a motion to be made on his minutes to set aside a verdict and grant a new trial upon exceptions, or as being against evidence, or for insufficient evidence, or for excessive damages; but such motion in actions hereafter tried, shall only be heard upon the minutes at the same term or circuit at which the trial is had, and if not heard at the same term or circuit in actions hereafter tried, the motion must be made upon a case or bill of exceptions, or upon appeal. When such motion is heard and decided upon the minutes of the judge, an appeal may be taken from such decision, and in case of appeal, a case or bill of exceptions must be prepared and settled in the usual form, and upon which case or bill of exceptions the argument of the appeal must be had."

"After the trial of a cause, either party may, in the manner prescribed by law and the rules of the court in which the action is pending, make and settle a case or

Tucker agt. White.

bill of exceptions, which when settled shall be filed, and when filed after judgment, shall be attached to and become a part of the judgment roll."

"§ 265. Motions for a new trial on a case or bill of exceptions, motions for judgment on a special verdict or case reserved subject to the opinion of the court, shall in the first instance be heard and decided at a special term, unless the justice trying the cause shall direct it to be heard in the first instance at a general term. If such order is granted, directing it to be heard at a general term, such motion may then be noticed and brought on to argument by either party at a general term of such court, and the court shall hear and decide the same."

The most noticeable amendments appear to be—

1. Dropping altogether the provision making judgment final after four days;

2. Expressly authorizing "*a motion* * * * * *to set aside* the * * * *judgment* * * * * *upon a case or bill of exceptions.*" (See *first paragraph of sec.* 264.)

3. Providing in terms, by paragraph 3 of section 264 for the making and settling of a case or bill of exceptions " according to law *and the rules of the court.*"

4. Providing in terms (sec. 265) that motions for new trial on a case *shall* be first heard at special term unless the judge at the trial send them to general term,

In 1852 the legislature again amended sections 264 and 265, so as read as follows:

"§ 264. Upon receiving a verdict, the clerk shall make an entry in his minutes, specifying the time and the place of the trial, the names of the jurors and witnesses, the verdict, and either the judgment rendered thereon, or an order that the cause be reserved for argument or further consideration. If a different direction be not given by the court, the clerk must enter judgment in conformity with the verdict. If an exception be taken, it may be reduced to writing at the time, or entered in the judge's minutes and afterwards settled as provided by the rules of the court, and then stated in writing in a case, or separately, with so much of the evidence as may be material to the questions to be raised, but need not be sealed or signed, nor need a bill of exceptions be made. If the exceptions be in the first instance stated in a case, and it be afterwards necessary to separate them, the separation may be made under the direction of the court, or a judge thereof. The judge who tries the cause may, in his discretion, entertain a motion to be made on his minutes to set aside a verdict and grant a new trial on exceptions, or for insufficient evidence, or for excessive damages; but such motion in actions hereafter tried, if heard upon the minutes, can only be heard at the same term or circuit at which the trial is had. When such motion is heard, and decided upon the minutes of the judge, and an appeal is taken from the decision, a case or exceptions must be settled in the usual form, upon which the argument of the appeal must be had."

"§ 265. A motion for a new trial, on a case or exceptions, or otherwise, and an application for judgment on a special verdict or case reserved for argument or further consideration, must in the first instance be heard and decided at the circuit or special term, except that when exceptions are taken, the judge trying the cause may at the trial direct them to be heard in the first instance at a general term, and the judgment in the mean time suspended; and in that case they must be there heard in the first instance, and judgment there given. And where upon a trial the case presents only questions of law, the judge may direct a verdict subject to the opinion of the court at a general term, and in that case the application for judgment must be made at the general term."

Tucker agt. White.

Mainly a change of phraseology, but making still further changes which seem to denote an unmistakable purpose to return to the practice existing under the law of 1832.

1. They dropped wholly the provision for a *stay of entry of judgment*, and made it *imperative* on the clerk, *at the trial*, to " enter judgment in conformity with the verdict," unless " a different direction be given by the court." (Section 264, sub 1.)

2. Still making it imperative (sec. 265) that a motion for a new trial on a case be first heard at special term, unless the judge should send it to general term direct, but providing that he might do so, *where exceptions were taken*, but in that case (and here comes in an important change) *the judgment is to be in the meantime suspended;* that being no doubt "the different direction" spoken of in section 264.

Nothing, it seems to us, could more clearly indicate the intention to allow a motion for new trial *on a case after judgment.* For judgment *must* be entered at the trial on the verdict, unless the judge order otherwise; and the only *order otherwise* he is enjoined to make is "where exceptions are taken" he is to *suspend* judgment, and send the case to general term in the first instance. That is, where the motion is on the fact, *i. e.* to set aside verdict as against evidence, the judgment cannot be suspended, and the motion *must* be made at special term.

*The rules of the court* also admit of no other view of the practice. By rule 34, a case is to be made by the party desiring to move to set aside the verdict, "within ten days after the trial *if by jury.*" But of what use would be the case if the motion could not be made after judgment ? For the clerk must enter judgment in conformity with the verdict, when the verdict comes in. And if we suppose costs taxed and judgment entered *on notice*, still it is all done in less than ten days, only a five days' notice of taxation being required in any case. And there is no provision limiting the time within which the judgment becomes final, and no provision for stay of proceedings; that is to say, except the making of the case within the ten days prevents the judgment becoming final in the old sense of that term.

As to the cases decided since the amendments of 1852, there are several containing *dicta* that the motion cannot be made after judgment. But it will be found on looking at them that they all cite the old practice under the rule of 1799, and then assume, without examination, that no change in the practice has been made since.

*Anthony* agt. *Smith*, (4 *Bosw.* 503,) is one of these cases. On this point the court say, " By the settled practice as it existed prior to the Code, a motion for a new trial could not be made on a case, or on the ground of newly discovered evidence or surprise, after judgment had been regularly perfected." Citing the old case of *Jackson* agt. *Chace*, (15 *J. R.* 354,) already noticed, and *Rapelye* agt. *Prince*, (4 *Hill*, 125,) and *Roosevelt* agt. *The Heirs of Fulton*, (7 *Cow.* 107,) the court then refer to the act of 1832, admitting that under it a *bill of exceptions* (and they might have added, a case) could be argued *notwithstanding judgment had been perfected*, and yet fail to apply it. And then the court add : " The practice under the Code is the same as before it was enacted." *Which* of the *two* systems of practice before the Code do the court mean ? If the most recent, then why does not the practice under the act of 1832 now prevail ?

*Barnes* agt. *Roberts* ( 5 *Bosw.* 73) is another case to the same point; and the same cases, 15 *J. R. et al.* are cited as authority. *Rapelye* agt. *Prince*, (4 *Hill*, 125,) cited in both, simply holds that a motion for new trial on the ground of *surprise* merely, cannot be made after judgment perfected. *Roosevelt* agt. *The Heirs*

Tucker agt. White.

*of Fulton,* (7 *Cow.* 107,) also cited in both, was prior to the act of 1832, to wit: May, 1827. Yet in that case, even under the rule of 1799, the judgment entered was *vacated* because the successful party, without objecting to the rule, had gone through with the argument of the motion for a new trial, and a new trial had been granted.

On the other hand, some of the cases decided under the Code as amended in 1851 and 1852, hold that the motion may be made notwithstanding judgment perfected.

*Mersereau* agt. *Powell* (6 *How.* 294), December, 1851, at Broome special term: Judge SHANKLAND, after noticing the old rule (1799) and referring to 4 *Hill,* 125, and 15 *J. R.* 354, says: "But by the Code, judgments may be entered in vacation and are peremptory. If, therefore, a motion for a new trial on the ground of a surprise or newly discovered evidence, comes too late after judgment, the defendant would practically be denied the benefit of such motions in all cases."

*Benedict* agt. *Caffee,* (3 *Duer,* 669.) The judgment it is true had been entered in terms as security. The unsuccessful party moved to vacate it, supposing it stood in the way of a motion to set aside the verdict as against evidence. The motion was denied as unnecessary; but the reasoning of the court applies as well to an absolute judgment. Judge SLOSSON says: "The entry of judgment in this case, does not prejudice a motion for a new trial on the ground of the verdict being against evidence *(Rule 8, Superior Court).* The terms of the rule plainly imply that such motion may be made, notwithstanding the entry of judgment, *and we find nothing in the provisions of the Code inconsistent with it.*"

It is to be observed that all the adverse cases agree that the motion may be made where the judgment is entered to stand as security. It might be useful to inquire what authority there is in the Code for any such distinction, as Judge SHANK-LAND says, under the Code, "judgments are peremptory." But to proceed with cases upholding the doctrine contended for by us.

*Maloney* agt. *Dows,* (18 *How.* 27,) was decided before special term of New York common pleas in August, 1859. The words, "before judgment," in brackets, in the reporter's head note to the case, seem to have been inadvertently used, as we find nothing in the opinion warranting any such limitation. It is true these words are used by the court, but not, we think, in the sense of limitation. Judge DALY shows conclusively, in our judgment, that the practice under the act of 1832, is *now in force,* modified only by the changes in the *names* of the courts which are to grant the relief. The judge says:

"The remedy in a case of this kind, before the Code, was by a motion founded upon a case or bill of exceptions to set aside the non-suit, which was in effect a motion for a new trial, which would follow as a matter of course if the motion was granted." *Citing authorities.* It was embraced in the class then known as enumerated motions, which was heard in this court by all of the judges setting in *banc* every Saturday, and in the supreme court the motion was heard in the first instance, before the circuit judge, unless he should direct that it be carried immediately before the supreme court." *(Citing laws of* 1832, *p.* 188; *laws of* 1833, *p.* 395; *Hicks* agt. *Chamberlain,* 12 *Wend.* 254.) "If the party seeking the review wished to prevent the entry of a judgment, he obtained an order staying proceedings until the motion was heard and disposed of, *but the motion might be made, though the judgment had been perfected and execution issued, and if granted, the court would order restitution."* (*Citing laws of* 1832, *chap.* 128, § 1, *p.* 188.) "If the motion was denied, an appeal lay to the supreme court, from the decision of the circuit judge. *The Code* (says Judge DALY) *has made no material*

Tucker agt. White.

*change as to the course of procedure, where the object is to obtain a new trial.* The application by motion to the special term, in the first instance, except where the judge at the trial directs it to be heard in the first instance at the general term, is analogous to the former motion before the circuit judge, or before the judges of this court or the superior court, and the appeal from the order granting or refusing the new trial is the establishment in the three courts of the practice which, before the Code prevailed only in the supreme court, while the appeal upon the law to the general term from the judgment is a substitute for the former writ of error."

The opinion proceeds in the same line of reasoning at considerable length, and shows conclusively that the former practice is still in force as to motions for a new trial, agreeing in this respect with all the cases on both sides on that point, but *meaning* by the term, "former practice," not that in vogue under the rule of 1799, but that which immediately preceded the Code, to wit: the practice as established by the act of 1832, and the rules in pursuance thereof.

We have hardly space to pursue the subject further. If the aim and object of this investigation has been accomplished, it has done something towards satisfying the bench and the bar of the correctness of the following propositions:

*First.* That the cases cited (but disapproved) by Judge GROVER in *Tucker* agt. *White,* and relied on by plaintiff's counsel, do not make the question in issue *res adjudicata* in the supreme court, since in three of the five cases the motion was actually heard and decided on the merits, in the fourth case (*Morange* agt. *Morris*) the question was not up at all, the point being as to whether exceptions could be heard in the first instance at general term on appeal from a judgment on a verdict; and in the fifth case, (*Gurney* agt. *Smithson,*) the reasoning of the learned judge and his decision were based upon false premises, and an entire overlooking of the fact that the practice under the act of 1832 prevailed for sixteen years preceding the enactment of the Code.

*Second.* That the cases not cited by Judge GROVER, but referred to in some of the Digests, as favoring the idea that the motion cannot be made after judgment, do not establish any such doctrine, since of nine cases so referred to, FOUR (*Case* agt. *Shepherd,* 1 J. C. 354; *Jackson* agt. *Chace,* 15 John. 354; *Grant* agt. *Root,* 3 Cow. 354; and *Roosevelt* agt. *The Heirs of Fulton,* 7 Cow. 107) were decided under the rule of 1799; ONE (*Rapelye* agt. *Prince,* 4 Hill, 125) does not decide the point, but only that for *surprise merely,* the motion is *too late* after judgment; TWO (*Ball* agt. *Syracuse and Utica R. R. Co.,* 6 How. 198, and *Droz* agt. *Lakey and Pine,* 2 Sandf. 681) were decided under the Codes of 1848 and 1849; and the remaining TWO (*Anthony* agt. *Smith,* 4 Bosw. 503, and *Barnes* agt. *Roberts,* 5 Bosw. 73) being the only cases, except *Gurney* agt. *Smithson,* that directly involve and decide the point *under the Code as it now is,* are not insurmountable authority on the point, because 1. They cite and depend on the old cases under the rule of 1799, ignoring the act of 1832; and 2. They are overborne by *three* other cases deciding the point the other way, *i. e.* (*Mersereau* agt. *Powell,* 6 How. 294; *Benedict* agt. *Caffee,* 3 Duer, 669; and *Maloney* agt. *Dows,* 18 How. 27); and because 3. They are wholly overborne by the standing rule (34) authorizing a case to be made in ten days after the trial if by jury, on which to move to set aside the verdict; a rule made and continued in the face of the fact that by the statute, *judgment must* be *entered* by the clerk on the coming in of the verdict and in conformity therewith.

*Third.* That there is therefore not only no current of authority to oppose to the

decision, on the opinion of Judge Grover, in *Tucker* agt. *White*, but that the weight of authority and sound reasoning unite in establishing that decision as good law.