Robertson, J.
This action was brought to recover personal property, claimed to be wrongfully detained. The plaintiff recovered possession of it after the delivery of a requisition to the Sheriff to take it. The plaintiff obtained a verdict. The Jury assessed the value of the property at one thousand dollars, and also twenty-five dollars as damages for the detention. A motion was made for a new trial at Special Term, which was denied, and the order denying it was affirmed, on appeal to the General Term. *616 After the decision at Special Term, the parties stipulated that “ the case on appeal to the General Term be taken “ and decided ” at such term, “ without judgment or secu- “ rity.” Ho judgment was ever entered until after the decision at General Term; the judgment then entered on the verdict recites the making and denial of the motion for a new trial, and the affirmance of such denial on appeal, and adjudges that the plaintiff recover the possession of the property claimed, and the sum assessed for damages and costs, as adjusted.
The defendants now move to amend the judgment roll, by adding to the judgment that “exceptions had been fully argued before the General Term of the Court, and denied and overruled, and judgment ordered for the plaintiff thereon, and that the decision ” of the Special Term “ should be affirmed.”
No judgment was, or could have been given at General Term, except on the order denying anew trial, which, when the case contains exceptions, includes their examination. The Code, (§ 265,) provides that a motion for a new trial on a case or exceptions,-must first be heard and decided at Special Term, except in certain specified cases, of which this is not one. Another provision, (§ 281,) requires exceptions and other papers to form part of the judgment roll. On an appeal from the judgment, the defendants have a right to have the exceptions considered. (Jellinghaus v. The New York Insurance Co., 5 Bosw., 681.) And although it would have been an answer to the motion for a new trial, if judgment had been perfected before the motion was heard; (Ib.) yet, after the motion has been made and denied on the merits, and the appeal from the order denying it, also heard, no objection of judgment having been entered could be taken in the appellate Court; and the record would show it was entered after the hearing of the motion. The appellate Court will hear the appeal from the judgment, at General Term, affirming the order denying a new trial on the same papers on which such new trial was moved, which include the exceptions. *617 Judgment for the plaintiff on exceptions, at General Term, could only be ordered where they had been directed to be first heard there, which was not the case here.
If there is any ground for apprehension that the appellate Court will not hear the case, on exceptions, the defendants can also appeal from the judgment, and the exceptions, as filed, will also necessarily form part of the judgment record. But I do not see any necessity or propriety in inserting in a judgment at Special Term, on the verdict, that exceptions have been heard at a General Term, and overruled.
As an appeal from the affirmance of the order denying a new trial has been taken, It is not necessary to pass on the question whether an appeal from the judgment is sufficient to carry up such order to the appellate Court, or not. (See Marquart v. LaFarge, 5 Duer, 559; Brown v. Richardson, 1 Bosw., 402.) Possibly an order merely granting a new trial might not be sufficient, without some separate motion to open the judgment, but that is not . material at present. The appeal from the order denying the new trial could have been heard with an appeal from the judgment. (Clarke v. Ward, 4 Duer, 206.) If there is any separate effect to be produced by an appeal from the judgment, in addition to that by the appeal from the affirmance of the order denying a new trial, this Court cannot, by any entry, make one appeal perform both offices.
The title of the summons being incorrect, fuust of course be changed. The residue of the motion is denied.