## Case No. 14,200.

### In re TROY WOOLEN CO.

[5 Ben. 413:[1] 6 N. B. R. 16.]

District Court, N. D. New York. Nov. 17, 1871.

BANKRUPTCY—MOTION FOR REHEARING—LACHES.

1. A reference was ordered in this proceeding, for the purpose of allowing the claim of C. V. & Co., a creditor, to be contested. The report of the referee, fixing the amount of the claim, was filed, and exceptions to the report were filed by a bank, which was also a creditor, and by the assignee. These exceptions were heard, and on July 13th, 1871, an order was made confirming the report, and the bank and the assignee were informed thereof; and on July 15th the bank endeavored to obtain a reversal of the order by a petition of review to the circuit court, which was dismissed. The assignee also endeavored to obtain a reversal of the order, by an appeal to the circuit court, but his appeal was too late, and was also dismissed. He then applied to this court for a reargument or rehearing on the report of the referee, in order by that means to obtain a review of the decision. Held, that, even if the court had the power to grant the application, the circumstances of the case were not such as to warrant it in granting the application.

2. The cases which hold that a court should not do, indirectly, what it has no power to do directly, should be adhered to, except, perhaps, in such extraordinary and extreme cases as ought to be considered as exceptions to an almost inflexible and absolute general rule.

This was an application by the assignee of the bankrupt for a reargument or rehearing on the report of a referee, sustaining claims of Cooper, Vail & Co., of New York, against the bankrupt, to the amount of $67,000, and the exceptions to that report filed by the assignee, and by the First National Bank of Troy, a creditor of the bankrupt. The decree confirming the report on the first hearing was filed July 13th, 1871, and the

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

bank and the assignee were, on or about the 15th July, informed thereof. The bank attempted to obtain a reversal of that decree by a petition of review to the circuit court, and the assignee, on the request of a portion of the creditors, took proceedings for its reversal by an appeal to the circuit court, but too late to make his appeal effectual; and both the petition and the appeal were dismissed by the circuit court. [For prior proceedings, see Cases Nos. 14,-201 and 14,202.]

HALL, District Judge. The present application, though in form an application by the assignee for a reargument or rehearing, is, in substance and fact, an application to this court in the interest of the other creditors of the bankrupt, who oppose the claim of Cooper, Vail & Co., for an order vacating the order or decree allowing the claim of Cooper, Vail & Co., that it may, on being re-entered, be subject to an appeal. It is an application to the court to do, in this indirect manner, what, it is conceded, it cannot directly do,—that is, to extend the time fixed by statute within which an appeal can be allowed; for there is not even a pretence that it is hoped upon a reargument to show that this court, in its former laborious and careful examination of the case, overlooked or misapprehended any portion of the evidence having such materiality as would by any possibility change its conclusions. The application is based upon the fact that the counsel of the assignee and the bank were mistaken in their views of the law and practice of the bankruptcy courts, in respect to the modes of proceeding to obtain the desired review; and it must be conceded that their mistake, in regard to the right of the creditor to be heard upon petition for review, should not be attributed to any unusual want of care, diligence, or learning. In respect to the time and manner of taking an appeal by the assignee, there was certainly less, and perhaps little, if any, doubt; but the delay in bringing the appeal probably resulted, in part at least, from the mistake which was made in respect to the right of the bank to obtain a review of the case upon its own petition, and the consequent intention of the assignee to leave the further litigation of the claim of Cooper, Vail & Co. to the bank. The delay is, then, to some extent, excused, and this has made it necessary to give the application under consideration a careful hearing and a deliberate and somewhat elaborate examination, the result of which, with some of the reasons which have influenced the decision, will now be stated.

It was insisted by the counsel of Cooper, Vail & Co. that the court had no authority to grant the motion, and that, if it had such authority, the motion ought,—according to well-established rules of decision, and upon controlling authority, to be denied.

After an examination of the cases of Wait v. Van Allen, 22 N. Y. 319; Caldwell v. Mayor, etc., of Albany, 9 Paige, 572; Bank of Monroe v. Widner, 11 Paige, 529; Humphrey v. Chamberlain, 1 Kern. [11 N. Y.] 274; McMicken v. Perrin, 18 How. [59 U. S.] 507; Cameron v. McRoberts, 3 Wheat. [16 U. S.] 591, I should hesitate long before granting this motion, even if I could reach the conclusion that there was serious doubt of the legal validity of the claim of Cooper, Vail & Co., and that, aside from the strict legal rights of the parties, their equities were equal; for the cases, which hold that a court should not do indirectly what it has no power to do directly, should be adhered to, except, perhaps, in such extraordinary and extreme cases as ought to be considered as exceptions to an almost inflexible and absolute general rule.

The case of Jellinghaus v. New York Ins. Co., 5 Bosw. 678, is probably a stronger case, or one of more weight and authority, in favor of the petitioner than any other cited upon the argument. In that case, exceptions had been taken by the defendant at the trial, and a bill of exceptions and amendments had been proposed and settled; but in the mean time a judgment had been regularly entered, so that the right of the defendant to a review at general term had been cut off. A motion to set aside the judgment was made for the purpose of enabling the defendant to be heard on his bill of exceptions. It was shown that the defendant's attorney acted in perfect good faith, and at no time suspected there was any doubt of his right to be heard on the exceptions until long after that right was barred; and the attorney for the plaintiff seems not to have insisted upon a denial of the motion, except from a sense of duty in opposition to his inclination to relieve his professional brother from the consequences of his mistake. The report states that "the position taken by the plaintiff's attorney was, that although he was willing to oblige the defendant's attorney in every way possible consistent with his duty to his client, yet that judgment had been regularly entered, and notice thereof given, the time to appeal had elapsed, and the case and exceptions could not be heard, and he was not at liberty and had no power to waive the rights which his client had thereby acquired." And the judge who delivered the opinion says, "The plaintiff's attorney, in declining to waive the default now, does so only because he supposes he has not the power, authority, and right to do it." And, in deciding that "as no injury can result to any party from granting the relief sought, while possibly the ends of justice may be promoted, the defendants should be permitted to be heard;" the learned judge immediately added, "At the same time I deem it proper to say that to justify the granting of such relief, the case should be one of unquestionable mistake, and evincing perfect good faith, and should be mer-

itorious; and even then to grant such relief is going to the extreme verge of judicial discretion."

Even under the doctrines of this case, this motion should be denied. It is fair to presume, from the papers presented on the hearing, that the assignee did not intend or expect to appeal until he was urged and induced to attempt to do so by the creditors, under whose influence much expensive and unreasonable litigation has already been had in this case, to the great injury and loss of the parties interested; and this,—and not any mistake in regard to the law and practice regulating an appeal by him,—was the main, if not the sole, cause of the delay which resulted in the failure to take and perfect his appeal in time.

The application is not meritorious to any such extent as to induce a court to go to the extreme verge of judicial discretion. The assignee and the bank have had a laborious and expensive examination and litigation of the questions involved, before a very careful and competent referee; that referee has made a report, evidencing full, careful, and able examination and consideration, and fully sustaining the claim which it is now sought to overthrow. Numerous exceptions were taken to this report, and, after a full argument, and a careful and deliberate examination of the questions involved, this court confirmed the report of the referee. Scarcely a doubt of the justice or of the strictly legal validity of the claim of Cooper, Vail & Co. was then entertained; and the arguments made and papers submitted on the hearing of the motion for a rehearing, have strongly confirmed instead of weakening the confidence then felt in the justice and propriety of the referee's decision. It is, of course, possible that another judge might reach a different conclusion; and it is evident that the opposing creditors, in view of the fact that their own claims are very large, and that the claim of Cooper, Vail & Co. amounts to about one-third of the aggregate amount of the debts proved against the Troy Woolen Company, are quite willing, if the expense of the litigation can be thrown upon the fund in the assignee's hands, so that one-third must, in effect, be borne by Cooper, Vail & Co., even if their claim is established, to speculate further upon the possible chances and proverbial uncertainty of litigation.

But if there can be a possible doubt of the strict legal right of Cooper, Vail & Co., the equities of the case are not, in my judgment, in the slightest degree doubtful. To demonstrate this will not be attempted; to do so would require not only a full review of the evidence and exhibits before the referee, but also an elaborate statement of what has appeared before this court upon various applications made or opposed under the influences which have induced the assignee to make this application. The probable origin and purpose of the Gale mortgage; the application in respect to the payment of $15,000 on that mortgage by the assignee; the petition for the sale of the premises mortgaged immediately afterwards, and their sale and conveyance, to the trustee of a combination of creditors, for scarcely a tithe of the value put upon them by the assignee in his sworn petition for authority to make payment upon the Gale mortgage; the strenuous opposition to the motion to set the sale and conveyance aside, and the appeal from the order setting aside the sale—a sale, the circumstances of which were such as to justify the circuit judge in stating in his written opinion upon the appeal that he thought it would "be a gross discredit to the administration of justice if the sale of the bankrupt's estate, made as was the one now in question, and at so great a sacrifice that real estate, mills, water-power and machinery of great value, have in the administration of the assignee, been rendered worse than valueless, should be permitted to stand," and many other facts and circumstances which might be stated, do not commend to the favor and discretion of this court an application for leave to use the assignee for the purpose of further unjust litigation at the expense of the bankrupt's estate, and to the certain and protracted postponement of any dividend to the creditors of the bankrupt.

The motion for a reargument or rehearing, or for an order vacating the former order and decree of this court is denied.

[The cause came up again before the court upon exceptions to the report of the referee, whereupon the court ordered the bank to pay the creditors their taxable costs and disbursements in the proceedings, and the costs, fees, and expenses of the referee and references. Case No. 14,203.]